The evidence tended to show that the deceased, James Hunnicutt, on or about 28 January, 1933, was walking on the right-hand side of the highway, and that an automobile driven by Jasper Kimbrell and owned by his mother, Myra Kimbrell, approached the deceased, traveling in the same direction. The plaintiff alleged that the car driven by Jasper Kimbrell, who was a minor, was a family car, and that he was operating it in a reckless and negligent manner, without keeping a proper lookout and driving at an unlawful rate of speed, and that as a result he negligently struck and killed James Hunnicutt. The defendant alleged that the deceased was walking on the wrong side of the road in violation of an ordinance duly adopted by the Highway Commission requiring pedestrians to walk on the left-hand side of the highway, and that as the car approached plaintiff's intestate he suddenly stepped in front of the car, and that his injury and death was proximately caused by his own negligence.
Issues of negligence, contributory negligence, and damages were submitted to the jury. The verdict declared that the defendant was guilty of negligence, and that plaintiff's intestate also by his own negligence contributed to his injury and death. Judgment was entered upon the verdict that the plaintiff take nothing by his action, and the plaintiff appealed.
The assignments of error are based upon the charge of the trial judge in failing to fully explain to the jury the applicable principles of law. *Page 495 
The judge defined negligence and proximate cause. While he did not give a formal definition of contributory negligence, he instructed the jury: "If plaintiff's intestate was walking on the right-hand side of the road, as claimed by the defendant, he was violating the law, and that would be negligence on his part, and if such negligence was the proximate cause of his injury and death, that would be contributory negligence upon his part, and his administrator would not be entitled to recover."
While the charge may be lacking in precise definition, nevertheless the case in all essential features involves a simple issue of fact. An examination of the charge in its entirety fails to produce the conclusion that there is reversible error warranting the overthrow of the judgment.
Affirmed.