MINNIE FISHER MILLER, ADMINISTRATRIX OF THE ESTATE OF GEORGE W. MILLER, v. LEWIS AND HOLMES MOTOR FREIGHT CORPORATION.

(Filed 7 November, 1940.)

1. **Automobiles §§ 7, 18c, 18e—Evidence held to show contributory negligence as matter of law on part of pedestrian turning to left on highway in path of defendant's truck.**

    The evidence tended to show that defendant's truck approached a pedestrian walking on his right side of the highway, traveling in the same direction, that the driver of the truck sounded his horn, that the pedestrian took a step to his right so that he was within about 18 inches of his right side of the highway, then suddenly turned to his left to cross the highway in front of the truck, that the driver of the truck turned to his left to avoid striking him, but that although the cab of the truck passed the pedestrian on his left side the pedestrian ran into the right side of the trailer, causing injury resulting in death. *Held:* The evidence discloses contributory negligence on the part of the pedestrian as a matter of law in walking on his right side of the highway, Public Laws of 1937, ch. 407, sec. 135 (d); Michie's Code, 2621 (320), and in his suddenly attempting to cross to his left-hand side of the highway in front of the oncoming truck, and *held further,* there being no evidence that the driver of the truck saw intestate's perilous condition in time to have stopped the truck or that the accident would not have occurred if he had turned the truck to the right, the refusal of the court to submit an issue of last clear chance was not error.

2. **Negligence § 10—**

    The burden on the issue of last clear chance is upon plaintiff, and the court properly refuses to submit the issue in the absence of evidence on the part of plaintiff that defendant saw the perilous situation in time to have avoided the accident and that he failed to take appropriate action which would have avoided the injury.

APPEAL by plaintiff from *Phillips, J.,* at May Term, 1940, of ROWAN.

*Robinson & Jones and Clyde E. Gooch for plaintiff, appellant.*
*J. A. Myatt for defendant, appellee.*

SCHENCK, J.  This is an action to recover damages for the wrongful death of plaintiff's intestate alleged to have been caused by the negligence of the defendant, wherein the pleas of contributory negligence and of the last clear chance were interposed.

The evidence when viewed most favorably to the plaintiff tends to show that the plaintiff's intestate was operating his automobile northward between Salisbury and Lexington on U. S. Highway No. 70—toward Lexington, that the automobile either became disabled or ran out of gas, and the intestate got out of it and was proceeding on foot on his right-hand side of the highway toward Lexington to get assistance; that the defendant's truck, with trailer attached, operated by its servant and agent within the scope of his authority, was on the same highway and was going in the same direction as was the intestate; that as the truck approached in 40 or 50 feet of the intestate the horn was sounded and the intestate took one step closer to his right edge of the pavement, within 18 inches of said edge, and then suddenly turned to his left to cross said highway, and the truck was turned to its left to avoid hitting the intestate; that the front of the truck passed the intestate on his left side, and intestate ran into the right side of the trailer and was knocked down and killed; that at the time of the sounding of the horn the truck was going 60 miles per hour and at the time the truck struck the intestate it was going 40 miles per hour, and after striking the intestate the truck ran on 60 feet and stopped in the ditch on its left side of the highway.

When the plaintiff had introduced her evidence and rested her case the court sustained the defendant's demurrer to the evidence and entered a judgment as in case of nonsuit, to which the plaintiff preserved exception and appealed.

While there was ample evidence to be submitted to the jury upon the issue of defendant's actionable negligence, we are of the opinion, and so hold, that the plaintiff's own evidence established the contributory negligence of her intestate, in that it disclosed that said intestate was walking on the traveled portion of the highway otherwise than on his extreme left-hand side thereof, as required by statute, Public Laws 1937, ch. 407, sec. 135 (d) (sec. 2621 [320], N. C. Code of 1939, Michie), and suddenly attempted to cross to his left-hand side thereof in front of the oncoming truck, of the approach of which he had knowledge, when he had a perfectly safe position on his right-hand side of the highway.

The plaintiff, however, argues that in the event the court should be of the opinion that the plaintiff's evidence establishes as a matter of law the contributory negligence of her intestate, that the case should have been submitted to the jury upon an issue of last clear chance.  This argument is untenable for the reason that there is no evidence in the record tending to show that the driver of defendant's truck saw, or in

the exercise of due diligence could have seen, the dangerous position in which the intestate by his own negligence had placed himself in time to have avoided the fatal collision. There is no evidence as to distance in which the truck could have been stopped, no evidence that the truck had defective brakes or was otherwise mechanically defective, no evidence to the effect that had the truck proceeded straight ahead, or had turned to the right instead of to the left, the collision could have been avoided. "The burden of the issue of last clear chance is upon the plaintiff, and such issue is not applicable unless there is evidence to support it." *Miller v. R. R.,* 205 N. C., 17. "No issue with respect thereto (last clear chance) must be submitted to a jury unless there is evidence to support it." *Redmon v. R. R.,* 195 N. C., 764. "After the evidence was concluded, the court, being of the opinion that the issue (as to last clear chance) was not warranted, refused to submit it, and the plaintiff excepted. There was no error in this ruling of his Honor, for, as he said, there was no evidence tending to prove that the defendant could have averted the plaintiff's injury." *Ellerbe v. R. R.,* 118 N. C., 1024.

The judgment of the Superior Court is

Affirmed.