REBECCA SIMPSON, ADMINISTRATRIX OF G. B. SIMPSON, v. FRANCIS H. CURRY.

(Filed 25 February, 1953.)

**Automobiles §§ 16, 18h—**

The failure of a pedestrian to yield the right of way to vehicular traffic as required by G.S. 20-174 (a) or (d) is not negligence or contributory negligence *per se*, but is only evidence to be considered with other evidence upon the issue, and therefore an instruction to the effect that if plaintiff's intestate violated the provisions of the statute, such violation in itself would constitute contributory negligence *per se* must be held for reversible error. G.S. 20-174 (e).

APPEAL by plaintiff from *Burgwyn, Special Judge,* October Term, 1952, of PASQUOTANK.

This is a civil action to recover for the wrongful death of the plaintiff's intestate which it is alleged resulted from the negligence of the defendant.

Plaintiff's intestate was injured on the night of 24 December, 1951, in a collision with an automobile driven by the defendant, and died as a result thereof on the following day. The collision occurred on what is known as Hughes Boulevard which is a part of U. S. Highway 17. This part of the highway is substantially the western boundary of the City of Elizabeth City. It is a two-lane highway running north and south with an additional concrete portion to the east which is used both for travel and for parking by cars headed north. The highway has a traffic line at the point in question, consisting of two yellow lines, with a broken white line in between them. From the eastern curb to the traffic line the distance is approximately 21 feet, and from the traffic line to the western edge of the hard surface the distance is approximately 11 feet. There was no other traffic involved in the accident. Parsonage Street in Elizabeth City crosses Hughes Boulevard at right angles, and the collision com-

plained of occurred at a point approximately 50 feet north of this inter-section. Traffic at the intersections in this area is not controlled by any lights or other traffic signals. There are no marked cross-walks at the intersection of Parsonage Street and Hughes Boulevard. Neither was there any cross-walk where plaintiff's intestate was crossing the highway. There was a street light at the intersection, and the area was further lighted by the lights in and outside of a nearby confectionary store located on the east side of the street and opposite the point where the collision occurred.

The plaintiff's evidence tends to show that at the time of the collision the plaintiff's intestate was standing about two or more feet to the west of the traffic line, waiting for defendant's car to pass so that he could cross to the east; that the defendant's car went to the left of the traffic line, two or more feet, striking plaintiff's intestate; that the defendant gave no warning by horn or otherwise, and that he was traveling at a high rate of speed, approximately 60 miles per hour in a 35 miles per hour speed zone.

The defendant testified that at the time of the collision complained of he was en route from Greenville, N. C., to Norfolk, Virginia, and was driving his automobile at a speed of approximately 35 miles per hour; that he did not see anyone crossing the highway but felt something hit the side of his car; that he was every bit of 18 inches or two feet from the yellow line when this object ran into him.

An examination of the defendant's car disclosed, according to the testimony of a local police officer, that the left-hand front fender back of the headlight came in contact with plaintiff's intestate and also the left-hand corner post above the windshield.

The jury answered the issues of negligence and contributory negligence in the affirmative, and the plaintiff appealed.

*Robert B. Lowry and John H. Hall for plaintiff, appellant.*
*LeRoy & Goodwin for defendant, appellee.*

DENNY, J.   The plaintiff assigns as error the following portion of his Honor's charge to the jury: "Now we have certain laws or rules, as they are called, in our State, for the guidance of people operating motor vehicles upon the public highway, any number of them, and a violation of any one of them by either party would be considered negligence *per se,* and if such violation, if you find there was any such violation on the part of the plaintiff, becomes the proximate cause of the injury and death complained of, then you would consider that as a bar to the plaintiff's right to recover, if you find that his negligence was solely the cause of his death."

The court thereafter read to the jury the following subsections of G.S. 20-174:

"(a) Every pedestrian crossing a roadway at any point other than within a marked cross-walk or within an unmarked cross-walk at an intersection shall yield the right of way to all vehicles upon the roadway.

"(d) It shall be unlawful for pedestrians to walk along the traveled portion of any highway except on the extreme left-hand side thereof, and such pedestrians shall yield the right of way to approaching traffic.

"(e) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

In light of the above instruction, we think the jury was warranted in assuming it to be its duty to find that the plaintiff's intestate was guilty of negligence if it found that he had violated any of the provisions of the above statute. But we have held that a violation of this statute is not negligence *per se* but only evidence thereof which may be considered with other facts in the case in determining whether the party was guilty of negligence or contributory negligence as charged. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323; *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484; *Templeton v. Kelley,* 215 N.C. 577, 2 S.E. 2d 696. See also *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Groome v. Davis,* 215 N.C. 510, 2 S.E. 2d 771; *Sebastian v. Motor Lines,* 213 N.C. 770, 197 S.E. 539. "There is really no distinction, or essential difference, between negligence in the plaintiff and negligence in the defendant, except that in an action like the present, the negligence of the plaintiff is called contributory negligence. *Liske v. Walton,* 198 N.C. 741, 153 S.E. 318. The criterion for establishing both is the same." *Sebastian v. Motor Lines, supra.*

In *Bank v. Phillips, supra,* which case involved questions similar to those raised on the present record, *Johnson, J.,* in speaking for the Court, said: "If it be conceded that the intestate failed to yield the right of way as required by this statute, even so, it was the duty of the defendant, both at common law and under the express provisions of G.S. 20-174 (e), to 'exercise due care to avoid colliding with' the intestate. . . . Nor may the evidence tending to show that the intestate failed to yield the right of way as required by G.S. 20-174 (a) be treated on this record as amounting to contributory negligence as a matter of law . . . Our decisions hold that a failure so to yield the right of way is not contributory negligence *per se,* but rather that it is evidence of negligence to be considered with other evidence in the case in determining whether the actor is chargeable with negligence which proximately caused or contributed to his injury."

It is true the plaintiff is not entitled to recover if her intestate is found to have been guilty of negligence and that such negligence was the proximate cause or one of the proximate causes of his death. However, such negligence, by reason of the reciprocal or correlative duties imposed by G.S. 20-174 on plaintiff's intestate and the defendant, under the facts and circumstances disclosed on this record, may not be established as a matter of law by merely showing a violation of some provision of the above statute.

For the reasons stated, the plaintiff is entitled to a new trial, and it is so ordered.

New trial.