RENA HARPER MOORE, ADMINISTRATRIX OF THE ESTATE OF JAMES OLIVER
HARPER, v. NETA T. BEZALLA AND MICHAEL BEZALLA.

(Filed 1 December, 1954.)

**1. Jury § 4—**

In an action to recover for the negligent operation of an automobile
covered by a liability policy in a mutual company, policyholders as of the
time of trial could have a pecuniary interest in the verdict, but it is not
made to appear that policyholders as of the date of the accident would be
financially affected, and therefore, when the court excludes all policyhold-
ers from the jury list, it is not error for the court to refuse to permit plain-
tiff, in selecting the jury, to request that all prospective jurors who were
policyholders at the date of the accident to excuse themselves.

**2. Automobiles § 16—**

It is the duty of a pedestrian on a highway to yield the right of way to
vehicular traffic.

**3. Same: Automobiles §§ 18c, 18h (3)—Evidence held to require submis-
sion of issue of contributory negligence of pedestrian in failing to yield
right of way.**

Defendants' evidence tending to show that shortly before the accident
plaintiff's intestate was intoxicated, that he was walking on the hard
surface 3 or 4 feet from the edge, that he was walking away from the sun
and could have seen defendant's automobile from a distance of 500 to 700
feet, and that he was struck while on the hard surface by the automobile
which was being driven toward the sun so that the driver was blinded by
the rays of the sun breaking through shadows of the bare limbs of trees,
*is held* to require the submission to the jury of the issue of intestate's con-
tributory negligence in failing to exercise due care for his own safety and
yield the right of way as required by statute.

**4. Automobiles §§ 16, 18c, 18g (2)—**

Where the question of intestate's intoxication at the time of the fatal
accident is germane on the issue of contributory negligence, testimony that
he was intoxicated some one and one-half hours prior to the accident, when
considered with the other evidence of his intoxication almost up to the
time of the accident, *is held* competent as having some bearing on his con-
dition at the time of the accident, the weight of the evidence being for
the jury.

**5. Appeal and Error § 39b—**

Appellant may not complain of the admission of evidence upon an issue
answered by the jury in his favor.

**6. Evidence § 19—**

A party is entitled to introduce evidence of bad character of a witness
who has testified for the opposing party for the purpose of impeaching the
credibility of the witness.

**7. Evidence § 26½—**

Where a witness for plaintiff testifies as to previous statements made by
a witness for defendants in conflict with such witness' testimony upon the

trial, the court has the discretionary authority to permit defendant to recall his witness and permit him to testify in explanation and contradiction of the testimony given by plaintiff's witness.

**8. Automobiles § 16—**

The violation by a pedestrian of G.S. 20-174 (a) is not negligence *per se*, but is evidence to be considered along with other evidence upon the question of such pedestrian's negligence.

**9. Appeal and Error § 6c (6)—**

Exceptions to the statement of the contentions of a party, not objected to and brought to the court's attention in apt time, are unavailing on appeal.

**10. Negligence § 20—**

An instruction to the effect that if the jury were satisfied by the greater weight of the evidence that plaintiff's intestate by his own negligence contributed to his death, it would then be the jury's duty to answer that issue in the affirmative, but if the jury were not so satisfied, it would be the jury's duty to answer it in the negative, *is held* without error.

APPEAL by plaintiff from *Hall, S. J.,* July Term, 1954, RANDOLPH.

This action was instituted on 11 February, 1954, for wrongful death. The plaintiff alleges in substance:

1. That she is the duly qualified and acting administratrix of the estate of James Oliver Harper, late of Randolph County, and that she and the defendants are residents of that county.

2. The defendants are husband and wife; that on 24 December, 1953, they owned and operated a Studebaker automobile as a family purpose car.

3. On 24 December, 1953, at about 4:30 p.m. the plaintiff's intestate was walking along the public highway near Seagrove.

4. The defendant Neta T. Bezalla, driving the Studebaker, her husband being in the car with her, operated the same at a dangerous and unlawful rate of speed in excess of sixty miles per hour, "on a dangerous, narrow, curvy country road, and that as she rounded the said curve, blinded by the sun, she hit plaintiff's intestate with the car she was operating in an insouciant, negligent, careless and unlawful manner," inflicting injuries resulting in his immediate death.

5. Defendant operated the car without keeping a proper lookout, heedlessly and with willful and wanton disregard of the rights and safety of others, and in a manner likely to endanger others.

6. That the negligent acts of the defendant Neta T. Bezalla proximately caused the death of plaintiff's intestate.

The defendants answered, denying all allegations of negligence, contending the defendant Neta T. Bezalla operated the car lawfully and prudently, but that she was driving directly toward the sun which was

shining through some trees, leaving alternately black and white spots on the dark surface of the road; that plaintiff's intestate wore dark clothes at the time; that she did not see him until the accident; that she was driving on her right side of the road at about 40, or not in excess of 45 miles per hour, and was keeping a proper lookout, etc. The defendants pleaded contributory negligence on the part of plaintiff's intestate in that he walked "into the public highway" between Seagrove and Troy in a drunken condition and was proceeding eastward along said highway until he suffered the accident; that the negligent acts which contributed to his injury were:

(a) He was proceeding along the public highway intoxicated to such an extent his mental and physical faculties were impaired.

(b) He failed to keep a proper lookout.

(c) He walked on the hard surface of a much traveled highway without holding himself in readiness to get out of the way of motor vehicles traveling along the highway.

(d) He did not yield the highway to the defendants.

(e) He did not travel on the extreme left side of the highway but followed an erratic course on the highway and on a portion thereof where the defendants had no reason to expect a pedestrian.

(f) He was not in helpless condition, could have gotten off the highway, and was negligent in failing to do so.

At the call of the case, the following was entered into the record:

## "STATEMENT OF PROCEEDINGS

"Out of the presence of the jury it was admitted by counsel for defendants that the automobile of the defendant Michael Bezalla was covered by a liability insurance policy of the Farm Bureau Mutual Automobile Insurance Company, and it was admitted in said pleadings that said automobile was a family purpose doctrine. (*sic*) The defendants' attorney furnished the Court and the plaintiff's attorney with a list of all policyholders of the Farm Bureau Mutual Automobile Insurance Company on the jury list for the second week of the Superior Court of Randolph County, North Carolina, whereupon his Honor, Judge C. W. Hall, directed that none of the jurors on the list furnished by the attorney for the defendants be called on the jury for the trial of this case. There was no classification as to the types of insurance policies, liability or collision, submitted with the list of policyholders on the jury by the defendants' attorney. The plaintiff's attorney, out of the presence of the jury and before passing upon said jury, requested of the Court to ask the following questions: (1) If there is any member of the jury that is a policyholder, holding an automobile liability insurance policy with the Farm Bureau

Mutual Automobile Insurance Company, as of December 24, 1953, please excuse themselves.

"The defendants' attorney objected to the above and the Court sustained the objection, and plaintiff excepted to the ruling of the Court.

"EXCEPTION No. 1.

"The plaintiff's attorney offered to introduce evidence out of the presence of the jury that any policyholder of a Farm Bureau Mutual Automobile Insurance Company as of December 24, 1953, would have a financial interest in the verdict of the case. The Court declined to hear this evidence.

"The plaintiff excepted to the ruling of the Court in declining to hear this evidence.

"EXCEPTION No. 2.

"All of the above proceedings occurred out of the presence of the jury and plaintiff excepted to the impaneling of the jury.

"EXCEPTION No. 3."

Evidence was introduced tending to show the accident occurred about 4:30 p.m. on 24 December, 1953, on the Scott Road, a hard surface highway 18 feet wide. At the time and place of the accident the *feme* defendant was driving west toward the sun, which was shining through trees without leaves, but in such a way as to leave dark places on the road caused by the shadows of the trees; that the road was somewhat "curvy." The plaintiff's intestate was walking east. From the place of the accident a motorist should be able to see a pedestrian for 500 to 700 feet, and the pedestrian should be able to see an approaching automobile for a like distance. There was evidence that immediately before and at the time of the accident, the speed of the defendants' automobile was estimated to be from 40 to 45 miles per hour. There was evidence on the part of the plaintiff that one-half mile away, shortly before the accident, the car was making 60 miles per hour. There was no evidence that the car was at any time off the hard surface of the highway. After the accident the intestate's body was lying on the north side of the highway and near the hard surface. There was a dent in the right front fender of the defendants' automobile. At the time of the impact a bottle of whiskey broke and the whiskey spilled out on the windshield. Another bottle partially filled with whiskey was found near the body.

The defendant Neta T. Bezalla admitted she did not see the plaintiff's intestate prior to the time of the impact. She contended she was prevented from doing so by the sun and the shadows on the road, the dark color of the road surface, and the dark color of Harper's clothes.

There was evidence that beginning about 3:00 p.m. and continuing until approximately the time of the accident, Harper was under the influence of liquor. B. C. Bowman testified that he passed Harper, who was walk-

ing about.three or four feet on the pavement; that he was traveling by automobile and going east and that he met the Bezalla car about 300 feet beyond the point where he had passed Harper. Witness testified that Harper was staggering. He also testified he had no difficulty in seeing Harper because he was driving away from the sun. Other evidence bearing on the issues was offered by the parties. Issues of negligence and contributory negligence were both answered "Yes" by the jury. From a judgment on the verdict the plaintiff appealed.

*Ottway Burton for plaintiff, appellant.*
*H. M. Robbins for defendants, appellees.*

HIGGINS, J.　The first three exceptions and assignments of error relate to the refusal of the court to permit plaintiff's counsel to state to the jury on the *voir dire,* "If there is any member of the jury that is a policyholder, holding an automobile liability insurance policy with the Farm Bureau Mutual Automobile Insurance Company, as of December 24, 1953, please excuse themselves." The record discloses the defendants had such a policy on the Studebaker. The record also discloses: "The defendants' attorney furnished the court and plaintiff's attorney with a list of all policyholders of the Farm Bureau Mutual Automobile Insurance Company on the jury list for the second week of the Superior Court of Randolph County; whereupon his Honor, Judge C. W. Hall, directed that none of the jurors on the list furnished by the attorney for the defendants be called on the jury for the trial of this case." The record also discloses that *all* the policyholders in defendants' insurance carrier had been left off the panel by order of the judge. Plaintiff's attorney offered to introduce evidence out of the presence of the jury that a policyholder of Farm Bureau Mutual Automobile Insurance Company as of 24 December, 1953, would have a financial interest in the verdict in the case. This evidence the court declined to hear. The court had been careful to remove from the panel all policyholders as of the date of the trial. If a policyholder at the date of the accident was not a policyholder *at the date of the trial and judgment,* there is nothing in the record indicating he would have any financial interest in a company in which he no longer held a policy. The refusal to permit the inquiry of the jury and to hear the evidence with respect to policyholders as of 24 December, 1953, was proper and in accordance with the decisions of this Court. *Luttrell v. Hardin,* 193 N.C. 266, 136 S.E. 726. The plaintiff's request to the jurors to excuse themselves related to policyholders as of 24 December, 1953, and not to agents or employees of the insurance carrier. For the distinction, see *Fulcher v. Lumber Co.,* 191 N.C. 408, 132 S.E. 9.

MOORE v. BEZALLA.

The plaintiff objected to the submission of the issue charging contributory negligence on the part of plaintiff's intestate. There was evidence that the defendants' automobile at no time left the hard surface or main-traveled portion of the highway, or that the automobile was ever on the driver's wrong side. The defendants were traveling toward the sun, Mr. Harper away from it. Evidence indicated he could see the approach of defendants' automobile for a distance of 500 to 700 feet if he had been alert for his own safety or observing the rule required of pedestrians in such circumstances. There was evidence that plaintiff's intestate was three or four feet on the hard surface when the witness Bowman met defendants' car 300 feet from the scene of the accident. It was a legitimate inference that he never yielded the right of way as it was his duty to do. *Spencer v. Motor Co.*, 236 N.C. 239, 72 S.E. 2d 598; *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246; *Miller v. Motor Freight Corp.*, 218 N.C. 464, 11 S.E. 2d 300. The evidence was sufficient to require the submission of the issue of contributory negligence.

J. D. Lucas, witness for the defendants, testified he saw Oliver Harper about three o'clock and again a few minutes later. The witness was then asked the following question by defense counsel: "What was his condition with reference to being sober or drunk?" The answer was, "He was intoxicated." The question and answer were objected to on the ground the time was too remote. There was other evidence of intoxication almost up to the time of the accident. Harper's condition as to intoxication at the time of the accident was material on the question of his contributory negligence. What his condition was less than an hour and a half prior to the accident had some bearing on his condition at the time of the accident. The weight of the evidence was for the jury. Plaintiff's exception to the admissibility of this evidence cannot be sustained.

Plaintiff's exceptions 6, 7, 8 and 9 relate to the evidence offered by the defendants that the plaintiff's witness Penn Farlow was of bad character. Penn Farlow had testified for the plaintiff that shortly before the accident he saw the Bezalla car and that it was being operated in his opinion at 60 miles per hour, and that the highway was 18 feet wide. This evidence on the part of Farlow related not to the question of contributory negligence on the part of Harper, but related to the negligence of the defendants. Since the issue on which the witness Farlow gave testimony was answered in favor of the plaintiff, the objection is unavailing. Witness Farlow had testified for the plaintiff that the defendants were driving 60 miles per hour, and it was proper for the defendants to present evidence of his bad character. *Morgan v. Coach Co.*, 228 N.C. 280, 45 S.E. 2d 339. The objection to this evidence cannot be sustained.

Colon Green, a witness for defendants, testified he saw Harper on the afternoon of 24 December, 1953, about an hour before he was killed, and

about a half-mile from the place where he was killed. He was walking in the middle of the road. He testified that he saw Mrs. Bezalla pass and she was traveling about 35 or 40 miles per hour. On cross-examination, he was asked if he had not talked to Tom Maness and he testified he didn't remember, he could have. He did not remember stating that Mrs. Bezalla was making 70 miles an hour. Tom Maness was called as a witness for plaintiff on rebuttal, saying, "The best I remember, he (Colon Green) told me that she (Mrs. Bezalla) was flying, making about 70 miles an hour. He came back in a few days, may have been the next day, and wanted to know what he had told me, and I told him the best I knew." After Maness testified, Green was recalled as a witness by the defendants and permitted to testify over plaintiff's objection. When recalled, Green admitted he had talked to Maness about the accident, telling him who was run over and who the driver was. He denied the other statements attributed to him by Maness. Plaintiff's exceptions 10, 11 and 12 relate to the court's permitting Green to be recalled as a witness and to reply to the testimony of the plaintiff's witness Maness. Whether a witness may be recalled is in the sound discretion of the trial judge. The evidence of Green in explanation and contradiction of the testimony given by Maness was clearly competent. These exceptions cannot be sustained.

In the charge, the judge read to the jury G.S. 20-174, subsections (a), (b), and (e), and followed the reading with this instruction: "I instruct you, gentlemen of the jury, that the violation of that section of the statute would not constitute negligence *per se,* but would be evidence to be considered along with other evidence of negligence." The foregoing is the basis of plaintiff's exception No. 13. The charge was in accordance with the decisions of this Court, and the exception cannot be sustained. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323, and cases cited.

Exceptions 14, 15, 16 and 17 relate to the statement of contentions of the parties. The statements were unobjected to and not brought to the court's attention in apt time, and, therefore, are unavailing. *Blanton v. Dairy,* 238 N.C. 382, 77 S.E. 2d 922.

Exception No. 18 is to that portion of the charge as follows: "If you are satisfied by the greater weight of the evidence that the deceased, Mr. Harper, by his own negligence contributed to his death, as I have defined contributory negligence to you, it would then be your duty to answer that second issue, 'Yes;' but if you are not so satisfied, it would be your duty to answer it 'No.'" The judge fixed the *quantum* of proof and placed the burden thereof in accordance with the decisions of this Court.

The record discloses the case was carefully tried. The verdict of the jury was supported by competent evidence.

No error.