JERRY A. SIMPSON v. BURL WOOD.

(Filed 18 September 1963.)

**Automobiles §§ 33, 46—**

A pedestrian violates G.S. 20-174(d) if he walks along his right side of the highway notwithstanding that he walks on the right shoulder completely off the hard surface, and an instruction to the effect that he

SIMPSON *v.* WOOD.

violates the statute only if he walks along the right side on the hard surface or main traveled portion of the highway is favorable to him and cannot be held prejudicial on his appeal.

BOBBITT, J., dissents.

APPEAL by plaintiff from *Patton, J.,* January Session 1963 of RUTHERFORD.

This is a civil action to recover for personal injuries sustained by the plaintiff on 25 December 1959, allegedly caused by the negligence of the defendant in the operation of an automobile on a public highway in Rutherford County.

Plaintiff alleged in his complaint that about 9:00 p.m. on the above date he was walking in a path several feet from the paved portion of the Harris-Henrietta highway, in the Town of Henrietta, and was approaching the intersection of said highway with Highland Avenue. That he was walking in a northerly direction on the right-hand side of the highway.

The defendant alleged that at the time of the accident he was driving his automobile about 30 miles per hour in a northerly direction, and met another motor vehicle with bright headlights going south. That about the time the defendant was meeting said automobile, he saw the plaintiff in the road ahead of him walking in the same direction the defendant was traveling and directly in defendant's lane of travel on said paved road.

The defendant in his answer denied that he was negligent in any respect, but if he were negligent, he alleged the plaintiff was guilty of contributory negligence.

The plaintiff testified that he was not walking on the paved portion of the highway but was walking about two feet from the pavement when he was struck by defendant's automobile which approached from behind him.

The defendant testified that while he was approaching the street (Highland Avenue) turning to the right, another motor vehicle was meeting him. That he had his lights on dim. "I saw the plaintiff when I was about 10 or 12 feet from him. * * * He was walking approximately two or three feet out on the highway on the right-hand side of the road. * * * When I saw the plaintiff there in the road ahead of me I immediately applied my brakes and cut to the left to try to avoid hitting him, but it was so close I just couldn't help hitting him."

A Deputy Sheriff of Rutherford County who arrived at the scene of the accident a few minutes after it occurred, testified: "When I arrived at the scene * * * Mr. Wood's car was in the middle of the

road. Mr. Simpson had been moved. * * * I found some short skid marks leading up to Mr. Wood's car. * * * These skid marks were entirely on the black surface of the highway in the middle of the road. I did not find any skid marks on the shoulder of the road."

The jury answered the issues of negligence and contributory negligence in the affirmative. Judgment was entered on the verdict. The plaintiff appeals, assigning error.

*Hamrick & Jones, and Oscar J. Mooneyham for plaintiff appellant.*
*Jones & Jones for defendant appellee.*

DENNY, C.J.  Assignments of error Nos. 3 and 4 challenge the correctness of certain portions of the charge of the court to the jury.

Assignment of error No. 3 is to the following portion of the court's charge: "The court instructs you that by 'traveled portion' of a highway, means that portion intended for normal travel, and not that part intended for emergency use only. It means, again, that portion of the roadbed that customary and usual travel occupies and takes, on the public highway.

"The court instructs you that if you find that the shoulder of the road was not used for customary travel at the time and place in question, then that, the court instructs you, would not be the traveled portion of the highway, within the meaning of the law.

"On the other hand, if you should find that at this particular place in question, not only was the hard surface of the highway used in the usual course of travel, but also the other part, then the whole thing would be the traveled portion. BUT, AS APPLICABLE TO THIS CASE, THE COURT INSTRUCTS YOU SPECIFICALLY THAT THERE IS NO EVIDENCE IN THIS CASE THAT THE SHOULDERS WERE USED IN ORDINARY VEHICULAR TRAFFIC, BUT THE SHOULDERS WERE USED FOR OTHER PURPOSES, THAT IS, GETTING OFF, AND STOPPING, AND THINGS LIKE THAT. (Appellant's emphasis.) So, the court instructs you, that as applicable to this case, the traveled portion of the highway would mean that portion of the highway which was used at that particular time, and intended for normal vehicular travel, and would not include that portion intended for emergency use only."

Assignment of error No. 4 is to that portion of the court's charge on the second issue, as follows: "Now, again, the court instructs you on the second issue that as the court understands the law, by traveled portion of a highway, means that portion intended for normal traffic, and not that portion intended for emergency use only, and that it

means that portion of the roadbed that customary and usual travel occupy and take on that particular highway at that particular time. If you find from this evidence that the shoulder of the road on the right-hand side was not intended — and was not used for normal travel, then the court instructs you that would not be a portion of the traveled portion of the highway. But, if you should find that on that particular highway, at that particular time, that the place where the plaintiff was, if he was off the hard surface of the highway, if at that time that portion was intended and used for normal travel, and not for emergency purposes, then that would be a portion of the traveled portion of the highway.

"Now, as bearing upon the second issue, if the defendant has satisfied you from this evidence and by its greater weight, that the plaintiff at the time of this accident was walking on the right side of the highway, along the traveled portion of said highway, that would be an act of negligence on his part, and may be considered by you in determining whether, on all the evidence, he was guilty of contributory negligence; and on Issue #2, if the defendant has satisfied you from the evidence, and by its greater weight that the plaintiff at the time and place in question was walking on the right-hand side of the highway, on the traveled portion thereof, or if he was traveling, walking anywhere on the right traveled portion of the highway, or if you are satisfied from this evidence, and by its greater weight, that in walking along there, he did not exercise ordinary care for his own safety, that is, he did not look, or keep a lookout for vehicles on the highway, or use ordinary care for his own safety — either one of those things would be negligence on his part. It would be a negligent act on his part, and if you are further satisfied from the evidence and by its greater weight, that such act, or acts of negligence on his part, concurring with the negligence of the defendant Wood, produced his injuries as one of the proximate causes thereof, then you should answer Issue #2 yes."

G.S. 20-174 (d) reads as follows: "It shall be unlawful for pedestrians to walk along the traveled portion of any highway except on the extreme left-hand side thereof, and such pedestrians shall yield the right of way to approaching traffic."

As we construe this statute, a pedestrian walking on the right-hand side of the highway, along the traveled portion thereof, does not have to be on the hard surface or the traveled portion thereof to be in violation of this statute. *Spencer v. Motor Co.*, 236 N.C. 239, 72 S.E. 2d 598.

G.S. 20-174 (d) makes it unlawful to walk along the traveled portion of any highway except on the extreme left-hand side thereof. It follows, therefore, that it is unlawful to walk on the right-hand shoulder of a highway along the traveled portion thereof. In view of our decisions, however, interpreting this statute, it is to be left to the jury to consider a violation of the statute as evidence of negligence along with the other evidence in determining whether or not the plaintiff contributed to his own injury and was, therefore, guilty of contributory negligence. *Bank v. Phillips*, 236 N.C. 470, 73 S.E. 2d 323; *Simpson v. Curry*, 237 N.C. 260, 74 S.E. 2d 649; *Moore v. Bezalla*, 241 N.C. 190, 84 S.E. 2d 817; 4 A.L.R. 2d Anno: Pedestrian's Noncompliance With Statute, pages 1253 through 1264.

In *Spencer v. Motor Co., supra*, there was no evidence tending to show that the plaintiff, a pedestrian, was walking on the paved portion of the highway. There was evidence tending to show that she was walking on the shoulder of the road on the right-hand side thereof when she was hit by a car traveling in the same direction. There was likewise evidence from which it might be inferred that she was walking on the left-hand side of the highway facing oncoming traffic. This Court said:" * * * (I)f plaintiff were walking north on her right-hand side of the highway, this was in violation of the statute, G.S. 20-174 (d), and would be evidence of negligence to be considered in connection with surrounding circumstances as to whether she used reasonable care and caution commensurate with visible conditions."

In *Radford v. Young*, 194 N.C. 747, 140 S.E. 806, the appeal involved the interpretation of an ordinance adopted by the Highway Commission pursuant to the provisions of Public Laws of 1923, Chapter 160, which, among other things, provided: "Pedestrians walking on the highways shall keep to the left-hand side of the road. Any violation of the foregoing rules, regulations or ordinances shall constitute a misdemeanor and be punished as provided by statute." The defendant offered evidence tending to show that at the time of the injury the plaintiff was walking on the right-hand side of the highway in violation of the above ordinance. The plaintiff's evidence tended to show he was not walking on the paved portion of the highway. The question presented on appeal was whether or not walking along the right-hand side of the highway in violation of the ordinance constituted contributory negligence. This Court said: "The judge charged the jury in substance that if they should find that the plaintiff was walking on the right side of the highway in violation of the ordinance enacted by the State Highway Commission, and that if such conduct was the proximate cause of the injury, plaintiff was not entitled to

recover. This is a correct interpretation of the law." *Hunnicutt v. Kimbrell*, 207 N.C. 494, 177 S.E. 323; *Miller v. Motor Freight Corp.*, 218 N.C. 464, 11 S.E. 2d 300.

In the case of *Crouse v. Pugh*, 188 Va. 156, 49 S.E. 2d 421, 4 A.L.R. 2d 1242, the evidence tended to show that the plaintiff Pugh, appellee, was walking eastwardly on the gravel shoulder off the right edge of the hard surface of the road when he was, without warning, struck from behind by the automobile of defendant Crouse, appellant. The defendant testified that he was driving about 25 or 30 miles an hour on his right side of the road; that immediately prior to the accident he met an oncoming car traveling west with bright lights; that he was blinded by the lights, and just as the oncoming car passed him he saw the plaintiff six feet in front of him on the hard surface of the road, just to the right of the center of the front of his car; that he slammed on his brakes, but struck the plaintiff before he could stop.

The Motor Vehicles Code of Virginia, section 2154 (126) (g), which was in effect at that time, read as follows: "Pedestrians shall not use the highways or streets other than the sidewalks thereof, for travel, except when necessary to do so because of the absence of sidewalks, reasonably suitable and passable for their use, in which case they shall keep as near as reasonably possible to the extreme left side or edge of the highways or streets."

The Virginia Court said: "While a pedestrian walking on a right shoulder may not occupy as dangerous a position as one walking on the right edge of the paved surface, he is, nevertheless, in a position of danger by reason of the possible inadvertence and negligence of operators of vehicles, by conditions requiring the use of the shoulder by motorists, or by such circumstances as are claimed to have arisen in this case. Though less compelling, the same reasons of safety which require a pedestrian to walk so as to face oncoming vehicles apply to one who walks on the right shoulder of the highway. A pedestrian who does not comply with the statute and its purpose does not avail himself of every reasonable precaution for his safety. A violation of Code, section 2154 (126) (g) amounts to negligence as a matter of law. Whether or not such violation be a remote cause or the cause which proximately contributes to the injury is a question for the jury."

We hold that the plaintiff's evidence to the effect that he was walking about two feet from the pavement on the right-hand side of the highway was sufficient to estabilsh a violation of G.S. 20-174 (d) on the part of the plaintiff which was evidence of negligence to be considered along with the other facts and circumstances involved in determining whether or not the plaintiff was guilty of contributory negligence.

In our opinion, the instructions given by the court, challenged by the foregoing assignments of error, were more favorable to the plaintiff than he was entitled to under the law. Therefore, he was not prejudiced thereby.

Other assignments of error present no prejudicial error which in our opinion would justify a new trial.

In the trial below, we find no error which entitles the plaintiff to the relief sought.

No error.

BOBBITT, J., dissents.