JANIE M. CLARK v. ABRAHAM BODYCOMBE

No. 107

(Filed 29 January 1976)

1. **Automobiles § 62— striking pedestrian — failure to keep lookout vehicle under control**

    In an action to recover for personal injuries received by plaintiff when she was struck by defendant's automobile, plaintiff's evidence was sufficient for the jury to find that defendant was negligent in failing to keep a proper lookout and in failing to keep his vehicle under proper control where it tended to show that plaintiff was struck by defendant's automobile while walking in a gutter next to the curb, defendant did not see the plaintiff but only saw a shadow, defendant has had cataracts removed and his peripheral vision is limited, defendant does not look to either side while driving but only looks straight ahead, and defendant's car veered toward the curb before striking plaintiff.

2. **Automobiles § 83— pedestrian — contributory negligence — failure to cross in crosswalk**

    In a pedestrian's action to recover for injuries received when she was struck by defendant's automobile, plaintiff could not be held contributorily negligent as a matter of law for crossing a street at a point not within a marked crosswalk where the evidence was conflicting as to whether plaintiff was crossing ·the street at the time of the accident.

3. **Automobiles § 83— pedestrian — failure to walk on proper side — contributory negligence**

    Violations of the statute requiring pedestrians to walk on the left-hand side of a highway, G.S. 20-174(d), do not constitute negligence *per se*.

4. **Automobiles § 83— pedestrian — failure to walk on left-hand side — contributory negligence — jury question**

    Plaintiff's evidence did not disclose that she was contributorily negligent as a matter of law in walking along the right-hand side of a highway, but the issue of contributory negligence should have been submitted to the jury, where it tended to show that plaintiff was walking in a westerly direction along a dirt pathway beyond the curb on the north side of a street when she was confronted with an automobile blocking a driveway which traversed the path, plaintiff thereupon left the path and walked along a gutter between the driveway and the portion of the street upon which vehicles ordinarily traveled, plaintiff was never more than 12 inches from the curb of the street, and just before she reached the curb on the western side of the driveway, she was struck by defendant's automobile.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from decision of the Court of Appeals, opinion by *Judge Arnold (Judge*

*Martin* concurring and *Judge Clark* dissenting) affirming the trial judge's entry of a directed verdict for defendant at the 12 November Session of ORANGE Superior Court.

Plaintiff instituted this action to recover for personal injuries which she alleged were proximately caused when she was struck by an automobile negligently operated by defendant. Defendant denied negligence on his part and alleged that plaintiff's negligence was the sole cause or a contributing proximate cause of her injuries.

Plaintiff offered evidence which tended to show the following:

Plaintiff, Janie M. Clark, testified that she left her place of employment in Chapel Hill at about 5:00 p.m. on 14 December 1972. After describing her course of travel until she crossed from the south side of Rosemary Street to the north side of Rosemary Street plaintiff testified:

. . . I didn't have any trouble at all crossing the street.

After I crossed over I stepped up on the curb; there is a little pathway, not a sidewalk, and I walked to the end of that. I walked all the way down that little path until I got to the driveway at the SHACK. . . .

The path I walked in was dirt . . . .

When I came to the first driveway entrance into the SHACK there was a car in the mouth of the drive. It lacked about two (2) feet being at the mouth of the driveway, but it was close enough that I had to walk around the car. I got off. There is a lip of about two (2) feet from the curb and I got off on that lip. I wasn't more than a foot from the curb and I got off on that lip. I wasn't more than a foot from the curb or three inches maybe . . . .

*       *       *

. . . I was walking in the gutter, I was three inches to one foot to the left. The curb was to my right.

*       *       *

Before making my move off of the curb I looked for cars coming east heading west, and I didn't see one. . . .

She further testified that something hit her just before she reached the other side of the driveway.

---

Clark v. Bodycombe

---

Officer Ronald Moses of the Chapel Hill Police Department, testified that he investigated the accident shortly after it occurred. He found tire marks directly behind defendant's car leading up to the place where defendant's car was sitting. The tiremarks began seventy-eight feet three inches east of the place where the car was sitting. They began at about the center of the westbound lane and veered right in a northerly direction toward the north curb of Rosemary Street. He further testified that Rosemary Street is thirty-eight feet inches wide at the place of the accident and that the gutter portion adjacent to the curb is two feet wide.

Glenn M. Sparrow testified that at around 5:30 p.m. on 14 December 1972 he came to the scene of the accident and observed Mrs. Clark lying in the entrance to a driveway leading to a parking lot. He stated:

> . . . Mrs. Clark was in the entrance to the western driveway; her feet was towards the entrance to it, but they was right at what we call the gutter, right on the edge of the gutter. Her head was out into the street. She was lying in a north-south or more northwest, southeast direction, at an angle. Her head was southwest and her feet were northeast. She was about a foot and a half or so from the curb . . . .

\*        \*        \*

> . . . I saw Mr. Bodycombe and talked to him. I asked Mr. Bodycombe what had happened and he just replied he didn't see her and I asked him was there anything I could do for him, because I knew him also, and he told me that he was carrying his maid home and didn't think there was anything I could do for him.

Plaintiff also offered the adverse examination of defendant Abraham Bodycombe by which the defendant testifed that on 14 December 1972 at about 5:15 p.m. he was operating his motor vehicle in a westerly direction on Rosemary Street in the Town of Chapel Hill. It was raining and visibility was somewhat limited. He had his lights on low beam and his windshield wipers were operating. He was engaged in a conversation with Mrs. Geneva Douglas who was the only other occupant of his automobile. Mr. Bodycombe, in part, testified:

> I did not see Mrs. Clark. I saw a shadow. . . . I could see a shadow dodging cars. This was to my left. On the

Clark v. Bodycombe

south side (of Rosemary Street) (parentheses added for clarification).

\* \* \*

I wear glasses and have done so probably fifty (50) years. Before December 14, 1972, I had cataracts removed. . . . My glasses correct me to twenty-four. My peripheral vision is limited; . . . and always will be for the rest of my life. Seeing directly ahead is an advantage in driving I don't want anything other than straight ahead. When I drive I pay no attention to anything on either side of me. . . .

. . . I was looking straight at it and it was a shadow, wasn't a person; everything was all mulky, mulky, with glaring lights ahead. . . . I slammed on the brakes when I saw the shadow and just simply kept gliding the car just in the right direction. . . . I just barely hit the person, and she spiraled easily down to the ground without a bump of any kind. . . .

\* \* \*

. . . I never veered either to the right or run off into the curb or to the left and run across the center. . . .

Plaintiff offered other witnesses whose testimony was either cumulative or related to damages.

Defendant offered the testimony of Geneva Douglas, the person in his automobile at the time of the accident, who stated that the automobile driven by defendant "did not strike or hit anything."

Judge Godwin allowed defendant's motion for a directed verdict and plaintiff appealed.

*Joseph I. Moore and James R. Farlow, by James R. Farlow, for plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for defendant appellee.*

BRANCH, Justice.

The single question presented by this appeal is whether the trial judge erred by granting defendant's motion for a directed verdict. The Court of Appeals sustained the judgment

granting a directed verdict on the premises that: (1) plaintiff failed to show actionable negligence on the part of the defendant and (2) that plaintiff had established her own contributory negligence as a matter of law.

When a defendant moves for a directed verdict pursuant to Rule 50(a), the trial judge must take plaintiff's evidence to be true, consider all the evidence in the light most favorable to plaintiff and give him the benefit of every reasonable inference which may be legitimately drawn therefrom. The motion should be granted only when the evidence is insufficient to support a verdict. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549; *Rayfield v. Clark*, 283 N.C. 362, 196 S.E. 2d 197; *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297.

In Blashfield Automobile Law and Practice Vol. II § 103.4 it is stated:

> The standard of care to be exercised by a motorist is precisely the same regardless of mental or physical ability. Accordingly, physical infirmities, such as those of old age, defective hearing, and defective eyesight are weighed against a driver in case of accident, and a motorist who is partially deaf is required to hear at his peril that which a normal driver would have heard. . . .

> . . . [T]he conduct of the handicapped individual must be reasonable in the light of his knowledge of his infirmity which is treated merely as one of the circumstances under which he acts. . . . In theory the standard remains the same, but it is sufficiently flexible to take his physical defects into account.

W. Prosser, Handbook of the Law of Torts, § 32 at 152 (4th ed. 1971).

[1]   Here there was ample evidence from which the jury could infer that defendant negligently failed to keep a proper lookout and negligently failed to keep his vehicle under control thereby proximately causing plaintiff's injuries. We, therefore, hold that the evidence in this case was sufficient to permit the jury to decide whether defendant was guilty of actionable negligence.

[2]   There remains the question of whether the Court of Appeals properly sustained the trial judge's judgment directing a verdict for defendant on the premise that plaintiff was contributorily negligent as a matter of law. In this connection,

defendant argues that the directed verdict should be sustained because there is evidence that at the time of the accident that plaintiff was negligently *crossing* Rosemary Street at a point not within a marked crosswalk, in violation of G.S. 20-174(a). Taken in the light most favorable to plaintiff the evidence shows no violation of G.S. 20-174(a) at the time of the accident. When considered in the light most *unfavorable* to the plaintiff the evidence would support an inference that she was injured as she crossed Rosemary Street at a point not within a marked crosswalk. Such opposing inferences present a question for the jury. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47; *Stewart v. Gallimore,* 265 N.C. 696, 144 S.E. 2d 862.

[4] The only remaining ground to support the directed verdict is that plaintiff violated the provisions of G.S. 20-174(d) and that such negligence was a proximate cause of her injuries.

At the time of this accident G.S. 20-174(d) provided:

(d) It shall be unlawful for pedestrians to walk along the traveled portion of any highway except on the extreme left-hand side thereof, and such pedestrians shall yield the right-of-way to approaching traffic.

We note, in passing, that G.S. 20-174(d) was rewritten by the 1973 General Assembly by Chapter 1330 § 33 of the Session Laws effective 1 January 1975.

The general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge. *Bowen v. Constructors Equipment Rental Co.,* 283 N.C. 395, 196 S.E. 2d 789; *Jernigan v. Atlantic Coast Line R. Co.,* 275 N.C. 277, 167 S.E. 2d 269; *Bowen v. Gardner, supra; McWilliams v. Parham,* 273 N.C. 592, 160 S.E. 2d 692; *Galloway v. Hartman,* 271 N.C. 372, 156 S.E. 2d 727.

[3] Ordinarily one who violates the provisions of safety statutes is guilty of negligence per se absent a specific legislative exception. *Poultry Co. v. Thomas,* 289 N.C. 7, 220 S.E. 2d 536; *Stone v. Texas Co.,* 180 N.C. 546, 105 S.E. 425. No specific legislative exception appears in this safety statute. However, our

Court has consistently held that violations of G.S. 20-174 do not constitute negligence per se. *Simpson v. Wood,* 260 N.C. 157, 132 S.E. 2d 369; *Gamble v. Sears,* 252 N.C. 706, 114 S.E. 2d 677; *Moore v. Bezalla,* 241 N.C. 190, 184 S.E. 2d 817; *Simpson v. Curry,* 237 N.C. 260, 74 S.E. 2d 649; *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484. In so holding the Court has often pointed to Subsection (e) which provides that "Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, . . . . "

Because of their factual similarity to instant case, we will review two of the above-cited cases.

In the case of *Lewis v. Watson, supra,* plaintiff's intestate was pushing a handcart on the right-hand side of the highway in violation of G.S. 20-174(d) when he was struck from the rear by defendant's vehicle. The usual issues of negligence were submitted to the jury and the jury answered the first issue "No." This Court, in an opinion by Justice Ervin, granted a new trial for errors in the charge but in a dictum statement observed:

> It follows that it was the duty of the plaintiff's intestate to push his handcart along the extreme left-hand side of the highway facing the automobile traffic coming on that side when he elected to travel on foot on the highway. G.S., 20-174(d). The fact, however, that he was proceeding unlawfully on the wrong side of the road at the time he was stricken did not render him guilty of contributory negligence as a matter of law upon the record in the case at bar. Both the common law and the statute provide that notwithstanding the provisions of G.S., 20-174(d), "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway." G.S., 20-174(e); *Arnold v. Owens,* 78 F. (2d), 495. . . .

Our Court considered the same statute in the case of *Simpson v. Wood, supra.* There the plaintiff was injured while walking on the right-hand side of the highway several feet from the paved portion upon which vehicles traveled. He was struck from the rear by the automobile operated by defendant. The case was submitted to the jury and issues of negligence and contributory negligence were answered in the affirmative. Plaintiff appealed. The Court found error in the trial judge's instruc-

tions to the effect that plaintiff did not violate the provisions of G.S. 20-174(d) when he walked on the shoulder and off the paved portion over which vehicles traveled. Nevertheless the Court affirmed on the ground that the instruction was favorable to the plaintiff. In so holding, Chief Justice Denny, writing for the Court, stated:

> G.S. 20-174(d) makes it unlawful to walk along the traveled portion of any highway except on the extreme left-hand side thereof. It follows, therefore, that it is unlawful to walk on the right-hand shoulder of a highway along the traveled portion thereof. In view of our decisions, however, interpreting this statute, it is to be left to the jury to consider a violation of the statute as evidence of negligence along with other evidence in determining whether or not the plaintiff contributed to his own injury and was, therefore, guilty of contributory negligence. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323; *Simpson v. Curry,* 237 N.C. 260, 74 S.E. 2d 649; *Moore v. Bezalla,* 241 N.C. 190, 84 S.E. 2d 817; 4 A.L.R. 2d Anno: Pedestrian's Noncompliance With Statute, pages 1253 through 1264.

These holdings are consistent with our rule that when a defendant pleads contributory negligence as bar to plaintiff's recovery, he has the burden of proving by the greater weight of the evidence that plaintiff's negligence was one of the proximate causes of his injury or damages. *Poultry Co. v. Thomas, supra; Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305; *Jones v. Holt,* 268 N.C. 381, 150 S.E. 2d 759; *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163. Further, the cases are also consistent with the well-recognized rule that ordinarily it is for the jury to determine from the attendant circumstances what proximately caused an injury. *White v. Mote,* 270 N.C. 544, 155 S.E. 2d 75; *Barefoot v. Joyner,* 270 N.C. 388, 154 S.E. 2d 543; *Farmers Oil Co. v. Miller,* 264 N.C. 101, 141 S.E. 2d 41.

[4]   Taking plaintiff's evidence as true, as we must upon consideration of a motion for a directed verdict, it appears that she was proceeding along a dirt pathway beyond the curb on the north side of Rosemary Street when she was confronted with an automobile blocking a driveway which traversed the path. Thereupon, plaintiff left the dirt path and walked along a gutter between the driveway and the portion of Rosemary Street upon which vehicles ordinarily traveled. She was never more

than twelve inches from the north curb of Rosemary Street and just before she reached the curb on the western side of the driveway, she was struck by defendant's automobile.

This evidence permits diverse inferences as to whether plaintiff acted in a reasonable manner and whether her acts proximately caused her injuries. Thus, the issue of contributory negligence should have been submitted to the jury.

The Court of Appeals erroneously affirmed the trial judge's order directing a verdict for defendant. Therefore, the decision of the Court of Appeals is

Reversed and remanded.