STATE OF NORTH CAROLINA v. JAMES RICHARD CALDWELL

No. 7226SC417

(Filed 2 August 1972)

1. **Criminal Law § 76— voluntariness of confession — findings of court conclusive on appeal**

     The trial judge's findings with respect to the voluntariness of defendant's confession were supported by competent evidence and hence conclusive on appeal.

2. **Criminal Law § 74— reading of confession to jury**

     Permitting the officer to whom it was given to read defendant's confession to the jury did not constitute prejudicial error by giving undue emphasis to the confession.

3. **Criminal Law § 76— admissibility of confession .— determination by the court and not by the jury**

     The trial court did not err in failing to instruct the jury that before they could give any consideration to defendant's confession they must first be satisfied beyond a reasonable doubt that it was voluntary, as the admissibility of a confession is for determination by the judge unassisted by the jury.

4. **Criminal Law § 26— double jeopardy — two offenses — same transaction**

     Defendant's contention that the two counts in the bill of indictment arose out of but one single criminal act and that to charge him with two offenses constituted a violation of the double jeopardy clause of the Fifth Amendment was untenable, since the offense of breaking and entering and the offense of larceny of personal property were completely separate offenses committed one after the other and not simultaneously, and since conviction of each offense required proof of different facts.

5. **Criminal Law § 142— prayer for judgment continued — no appeal lies**

     On a verdict finding defendant guilty of felonious larceny, prayer for judgment was continued and defendant appealed; however, where prayer for judgment is continued and no conditions are imposed, there is no judgment, no appeal will lie, and the case remains in the trial court for appropriate action upon motion of the solicitor.

APPEAL by defendant from *Friday, Judge,* 29 November 1971 Schedule "A" Criminal Session of Superior Court held in MECKLENBURG County.

In a two-count indictment defendant was charged with (1) felonious breaking and entering and (2) felonious larceny. He pleaded not guilty to both charges. The State's evidence was in substance as follows: The owner of the dwelling described in the indictment testified that when he left his home

to go to work on the morning of 7 June 1971, the doors and windows were locked. When he returned home in the afternoon, the wire was torn on the screen door on the back porch, the hook inside the screen door was unlatched, glass on the door leading from the porch into the kitchen was broken out, and the hook inside that door was unlatched and the door left open. A shotgun, valued at $150.00, two boxes of shells, and two pairs of shoes were missing from the residence. Fingerprints identified as the defendant's were found on a pane of the glass broken from the kitchen door. Defendant's confession was admitted in evidence after the trial judge heard evidence on *voir dire* and found that the confession had been freely and voluntarily made.

Defendant did not introduce evidence. The jury found him guilty as charged in both counts of the indictment. On the verdict finding defendant guilty of felonious breaking and entering, judgment was entered sentencing defendant to prison as a youthful offender, for a term of not less than two nor more than five years. On the verdict finding defendant guilty of felonious larceny, prayer for judgment was continued. Defendant appealed.

*Attorney General Robert Morgan by Associate Attorney George W. Boylan for the State.*

*Don Davis for defendant appellant.*

PARKER, Judge.

[1] On the *voir dire* examination concerning his in-custody confession, defendant admitted that before he confessed the officers had given him the *Miranda* warnings and he had signed a written waiver of his rights. He testified that he did not read or "exactly understand" the statement which he signed, and testified that he confessed only because one of the officers told him that if he did so, the officer would tell the judge that defendant "cooperated" and it would "make it a lot easier" on him. The officer denied making any such promise. Upon conflicting evidence, the trial judge made full findings of fact concerning the circumstances under which defendant's confession was made, found that defendant had been fully advised and fully understood his contitutional rights, found that no promises or threats of any kind were made to him, and determined that defendant gave his statement freely and voluntarily and with-

out hope of reward. The trial judge's findings, being supported by competent evidence, are conclusive on this appeal, *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404, and the judge committed no error in allowing evidence of defendant's confession to be introduced before the jury.

[2] Nor do we think that defendant suffered any prejudicial error when the judge, after allowing the State to introduce defendant's signed confession as an exhibit, permitted the officer to whom it was given to read it to the jury in the course of his testimony concerning it. The contents of the confession were not thereby unduly emphasized.

[3] Appellant contends that the trial court erred in failing to instruct the jury that before they could give any consideration to defendant's confession they must first be satisfied beyond a reasonable doubt that the confession was voluntarily made. While the courts of some jurisdictions hold that such an instruction is required, such has never been the law in North Carolina. Annot., Voluntariness of confession admitted by court as question for jury, 85 A.L.R. 870, Supplemented in 170 A.L.R. 567. "Under North Carolina procedure, voluntariness is a preliminary question to be passed on by the trial judge in the absence of the jury." *State v. Hill,* 276 N.C. 1, 170 S.E. 2d 885, *rev'd on other grounds,* 403 U.S. 948, 29 L.Ed. 2d 860, 91 S.Ct. 2287. "If the judge determines the proffered testimony is admissible, the jury is recalled, the objection to the admission of the testimony is overruled, and the testimony is received in evidence for consideration by the jury. If admitted in evidence, it is for the jury to determine whether the statements referred to in the testimony of the witness were in fact made by the defendant and the weight, if any, to be given such statements if made. Hence, evidence as to the circumstances under which the statements attributed to defendant were made may be offered or elicited on cross-examination in the presence of the jury. Admissibility is for determination by the judge unassisted by the jury. Credibility and weight are for determination by the jury unassisted by the judge." *State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833. This has long been established as the law in this jurisdiction, *State v. Dick,* 60 N.C. 440, and the trial judge in the present case correctly instructed the jury in accordance with it.

[4, 5] Finally, defendant contends that the two counts in the bill of indictment arise out of but one single criminal act and

State v. Caldwell

that to charge him with two offenses constitutes a violation of the double jeopardy clause of the Fifth Amendment of the Federal Constitution which *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed. 2d 707, 89 S.Ct. 2056, held applicable to the States through the Fourteenth Amendment. We do not agree with appellant's major premise. The offense of breaking and entering was completed when the victim's house was unlawfully entered. The larceny of personal property thereafter was a completely separate offense, conviction of which required proof of other facts. Defendant has not twice been put in jeopardy for the same offense. Moreover, defendant here has no standing even to raise the question; no judgment was entered on the charge contained in the second count and no appeal will lie in that case. "Where prayer for judgment is continued and no conditions are imposed, there is no judgment, no appeal will lie, and the case remains in the trial court for appropriate action upon motion of the solicitor." *State v. Pledger,* 257 N.C. 634, 127 S.E. 2d 337.

The result is: In the case in which defendant is charged in the second count of the bill of indictment with the crime of larceny, the attempted appeal is dismissed and the cause is remanded to the superior court. In the judgment imposed upon defendant's conviction of the crime charged in the first count of the bill of indictment, we find

No error.

Judges VAUGHN and GRAHAM concur.