State v. Massey

STATE OF NORTH CAROLINA v. LARRY DARNELL MASSEY

No. 748SC788

(Filed 20 November 1974)

1. Criminal Law § 76— defendant's statement to deputy sheriff — voluntariness

The trial court properly concluded that statements made by defendant to a deputy sheriff were volunteered and were admissible where the evidence on voir dire tended to show that the deputy was taking another prisoner through a cellblock when the deputy spotted defendant, the deputy informed defendant that defendant had scared him and another officer by firing at them, defendant replied voluntarily, "If you think you were scared you should have seen us. We were all scared to death," and defendant stated to the deputy that he was using a .38 revolver and one of his comrades was using a .32 caliber automatic pistol.

2. Criminal Law § 76— defendant's statement to FBI agent — voluntariness

Evidence on voir dire supported the trial court's findings that defendant's statements to an FBI agent were voluntary where such evidence tended to show that the agent had advised defendant of his rights, defendant voluntarily executed a "waiver of rights" form, and defendant voluntarily told the agent that he was in the getaway car during a chase and shootout.

APPEAL by defendant from *Lanier, Judge,* 15 April 1974 Session of Superior Court held in WAYNE County.

Defendant was charged in separate indictments with two counts of assault with a firearm upon two law enforcement officers who were attempting to arrest defendant in connection with a bank robbery.

Evidence for the State tended to show the following. At the scene of the robbery, two officers received a description of the robbery suspects and their getaway car. While proceeding on the Goldsboro-Fremont highway in search of the suspects, officers observed an automobile fitting this description. As the officers approached, shots were fired at the officers from the suspects' vehicle. A chase ensued and other shots were fired. The officers began to fire at the suspects.

Other officers joined in the chase and came upon the getaway car at the end of a dirt road. Defendant was captured in the vicinity of the car. A search of defendant produced a title to the getaway car and some bullets in his coat pocket. A search

of the general area produced a pistol, some fired shells, defendant's torn draft card, and defendant's torn driver's license.

Defendant offered no evidence. Upon a verdict of guilty of both charges, defendant was sentenced to consecutive terms of not less than four nor more than five years.

*Attorney General James H. Carson, Jr., by Parks H. Icenhour, Assistant Attorney General, for the State.*

*Duke and Brown by J. Thomas Brown, Jr., for defendant appellant.*

VAUGHN, Judge.

Although the record on appeal was not docketed in this Court within the time provided by Rule 5 of the Rules of Practice in this Court, we have elected to consider the case upon its merits.

[1] Defendant's court appointed counsel asserts that the court erred in its findings of fact and conclusions of law based upon a *voir dire* examination held to determine the admissibility of statements made by defendant to a deputy sheriff while defendant was in jail. The deputy was taking another prisoner through the cellblock and saw defendant. The deputy stated to defendant, "you really scared us to death the other day by shooting at us." Defendant replied voluntarily, "If you think you were scared you should have seen us. We were all scared to death." Defendant told the deputy that one of his comrades was using a .32 caliber automatic pistol and defendant was using a .38 revolver. The court concluded that these voluntary statements were admissible. Other statements made by defendant were excluded by the court.

As to the court's conclusion that the voluntary statements were admissible, volunteered statements are competent evidence. *State v. Haddock,* 281 N.C. 675, 190 S.E. 2d 208. Where, as here, findings of fact made by the trial judge upon *voir dire* as to the voluntariness of a statement are supported by competent evidence, the findings are conclusive on appeal. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123; *State v. Caldwell,* 15 N.C. App. 342, 190 S.E. 2d 371.

[2] Defendant also asserts that the court erred in admitting into evidence statements made by defendant to an FBI agent while defendant was in jail. In his statement, defendant volun-

tarily told the agent that he was in the getaway car during the chase and shootout. Defendant further commented on the chase and the two other men who were with him.

In *voir dire*, the court found the agent advised defendant of his constitutional rights, that defendant voluntarily executed a "waiver of rights" form, and that defendant voluntarily spoke with the agent about the incident. These findings were supported by competent evidence. Thus, the statements defendant made to the FBI were clearly voluntary and were, in every respect, competent evidence.

Defendant's other assignments of error have been considered and are overruled.

No error.

Judges CAMPBELL and BRITT concur.