STATE OF NORTH CAROLINA v. STEVE ANTHONY PUCKETT

No. 7922SC1135

(Filed 20 May 1980)

1. **Criminal Law § 126.3— defendant's guilt—juror's statement after trial—no showing of juror's disqualification to serve**

   Testimony by one of defendant's friends that, after the trial was over, he heard a juror state, "If he [defendant] wasn't guilty, the judge would have dismissed it," was insufficient by itself to indicate that the juror was unqualified to serve; furthermore, the witness's testimony seeking to impeach the verdict was incompetent.

**2. Criminal Law § 66.5— pretrial lineup—no right to counsel**

Defendant was not entitled to legal representation at a pretrial lineup since adversary judicial proceedings had not begun on the charge of which he was subsequently convicted.

**3. Criminal Law § 66.6— pretrial lineup—no suggestiveness**

There was no merit to defendant's contention that a pretrial lineup was so suggestive that he was denied due process of law where the evidence tended to show that six white males were in the lineup; all had long hair and facial hair; all were close in age to defendant; and defendant was the only man viewed who had on shorts, but there was no evidence that defendant's mode of dress was not chosen by defendant himself.

**4. Criminal Law § 66.15— pretrial lineup—in-court identification of independent origin**

There was no merit to defendant's contention that the State failed to show an in-court identification of defendant was of independent origin and not the result of an allegedly illegal pretrial lineup, since defendant's contention was moot in light of the court's holding that the lineup procedures were proper, and since the identifying witness testified that she had not heard defendant speak before trial but was sure of her identification when she heard him speak in the courtroom because she had listened to the robber speak for one hour during commission of the crime.

**5. Criminal Law § 132— motion to set aside verdict as contrary to weight of evidence—denial proper**

In a prosecution for armed robbery where defendant presented unimpeachable alibi evidence which, if believed, would have precluded a conviction, the trial court nevertheless did not abuse its discretion in denying defendant's motion to set aside the verdict as being contrary to the greater weight of the evidence, since the victim's identification of defendant was unshakable, and since the jury could determine the credibility of defendant's witnesses.

**6. Constitutional Law § 54— one year between arrest and trial—illness of counsel—no denial of speedy trial**

Defendant was not denied his right to a speedy trial by a one year lapse between his arrest and his trial, since defendant was not prejudiced; the delay resulted because of illness of counsel and failure of the court reporter to record the voir dire of the jury; and at no point did the State drag its heels in prosecuting the case.

APPEAL by defendant from *Washington, Judge.* Judgment entered 12 July 1979 in Superior Court, DAVIE County. Heard in the Court of Appeals 18 April 1980.

Defendant is charged with the 19 April 1978 robbery of Mrs. Thelma Plemmons. At trial, during the presentation of the State's evidence, Mrs. Plemmons testified that at approximately 1:15 p.m.

State v. Puckett

on 19 April 1978 a young woman and man entered her home, ostensibly to use the telephone in order to call for help to fix a flat tire. The man pointed a gun in Mrs. Plemmons' face and threatened to kill her if she did not give him money. The man took money from Mrs. Plemmons' purse and kitchen cabinet, bound Mrs. Plemmons and left. After a few minutes' delay, Mrs. Plemmons escaped, went to her neighbor's house and called the sheriff's department.

On 24 July 1978, defendant was ordered to appear in a lineup. Mrs. Plemmons identified defendant as the man who robbed her, whereupon he was charged with violation of G.S. 14-87. Defendant was convicted of robbery with a firearm and now appeals that conviction.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Gilbert T. Davis, Jr. for defendant appellant.*

HILL, Judge.

[1] Defendant first argues that a particular juror was prejudiced and unqualified, and that thereby he was denied a fair trial and not given due process of law. We find no error.

After the verdict was returned, defendant moved for mistrial and for a new trial. Evidence was offered on both motions. One of defendant's friends testified that after the trial was over, he heard a juror state, "[I]f he [defendant] wasn't guilty, the Judge would have dismissed it." The witness then went up to the jury box and identified the juror he believed had made the statement.

We agree with defendant that jurors should not deliberate under the misapprehension the juror in this case allegedly did. We do not believe, however, that the statement by itself indicates that the juror was unqualified to serve. The statement could indicate the juror's rationalization of what appears from the evidence to be a hard decision the jury had to make. The trial judge, in his discretion, felt the trial was fair, and we will not disturb that judgment. Furthermore, we do not believe the witnesses' testimony in seeking to impeach the verdict was competent. *See* G.S. 15A-1240(a). *Also see State v. Cherry,* 298 N.C. 86, 100, 257 S.E. 2d 551 (1979).

[2]   Defendant next argues that the trial court erred in failing to suppress the pre-trial and in-court identification of defendant by Mrs. Plemmons. Defendant was first identified in a lineup at which he was not represented by counsel. Defendant contends this lack of representation rendered the lineup illegal *per se.* We find no error.

Although defendant was in custody at the time of the lineup on another charge, adversary judicial proceedings had not begun on the charge from which arose the conviction he is now appealing. In these respects, defendant's situation is similar to the defendant's in *State v. Simms,* 41 N.C. App. 451, 255 S.E. 2d 282 (1979). In *Simms,* the defendant was confined in one county on charges and brought to another county for a lineup relating to a robbery charge. Defendant Simms had not been charged with the robbery at the time of the lineup. This Court said in *Simms,* at p. 455, that, "[a] person has a right to counsel at a pre-trial lineup when it is a critical stage of the criminal prosecution against [him]. *Gilbert v. California,* 388 U.S. 263, 18 L.Ed. 2d 1178 (1967)." However, under *Kirby v. Illinois,* 406 U.S. 682, 32 L.Ed. 2d 411, 92 S.Ct. 1877 (1972), ". . . this right only attaches at or after the commencement of adversary judicial proceedings against defendant." Defendant had no constitutional right to legal representation at the lineup.

[3]   Defendant contends the pre-trial lineup was so suggestive that he was denied due process of law, thus rendering inadmissible, evidence of Mrs. Plemmons' lineup identification. We find no error.

The trial judge conducted a voir dire examination of a Davie County deputy sheriff concerning the lineup. Six white males were in the lineup. All were close in age to the defendant, and like the defendant had long hair and facial hair. Three of the men wore gray twill trousers and white T-shirts. Defendant was the only man viewed who had on shorts.

Just as in *State v. Taylor,* 280 N.C. 273, 279, 185 S.E. 2d 677 (1972), there is no evidence that defendant Puckett's mode of dress was not chosen by Puckett himself. The trial judge found no error in the lineup procedure. " 'Such findings of fact, . . . are conclusive if they are supported by competent evidence in the

record.'" (Citations omitted.) *Taylor, supra,* at p. 279. We find that the trial judge was correct in his finding.

Defendant finally contends in regard to the lineup procedure that it was conducted in violation of Article 14 of Chapter 15A, particularly G.S. 15A-274 and G.S. 15A-279. Our Supreme Court has held in *State v. Irick,* 291 N.C. 480, 490, 231 S.E. 2d 833 (1977), that Article 14 ". . . was not aimed at [protecting] *in custody* defendants." The Court went on to state in *Irick,* at p. 490, that "[t]he statute does not apply to an in custody accused." This Court has held that the restrictive interpretation set forth in *Irick* applies even to a defendant in custody on other charges at the time of the lineup. *See State v. Thompson,* 37 N.C. App. 651, 657, 247 S.E. 2d 235 (1978).

[4] Defendant finally contends in relation to the identification procedures that the State failed to show the in-court identification of defendant was of an independent origin and not the result of the illegal pre-trial lineup. We disagree.

Defendant's contention is moot in light of our holding that the pre-trial procedures were proper, but assuming *arguendo* that they were not, we find that the State showed Mrs. Plemmons' identification at trial was independent of her pre-trial viewing of defendant. Mrs. Plemmons stated on voir dire that, "I didn't hear [defendant] speak until I was in this courtroom, and I was more sure than ever after I heard the voice, because I listened to it [during the robbery] for one hour." Mrs. Plemmons then stated at trial that, "I didn't have any doubt whatsoever when I first saw MR. PUCKETT but that if I did have a doubt it was removed after I heard him speak in the courtroom that morning."

We hold that the in-court identification was independent in origin, thus making any constitutional error that may have arisen in the pre-trial lineup harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967), *rehearing denied,* 386 U.S. 987 (1967). *Also see State v. Taylor,* 280 N.C. 273, 280, 185 S.E. 2d 677 (1972).

[5] Defendant argues next that the trial court abused its discretion by denying defendant's motion to set aside the verdict as being contrary to the greater weight of the evidence. No motion to dismiss for insufficiency of the evidence was made.

The motion to dismiss the verdict as being against the greater weight of the evidence necessarily invokes the exercise of the trial court's discretion. *Roberts v. Hill,* 240 N.C. 373, 380, 82 S.E. 2d 373 (1954). No question of law is raised. Although defendant's evidence clearly leads to the conclusion that it would have been virtually impossible for him to have robbed Mrs. Plemmons, in light of the victim's unshakable identification of defendant, we cannot say that the trial judge abused his discretion in failing to set aside the verdict.

Defendant made no motion to dismiss for insufficiency of the evidence. Pursuant to G.S. 15A-1227(d) and G.S. 15A-1446(d)(5), defendant could have requested on appeal a review of the sufficiency of the evidence, so on our own motion, we have made such a review. *State v. Alston,* 44 N.C. App. 72, 73, 259 S.E. 2d 767 (1979).

Despite the fact that defendant presented unimpeachable alibi witnesses, which if believed, would have precluded a conviction, we must conclude that the evidence was sufficient to go to the jury. "[T]he evidence must be interpreted in the light most favorable to the State . . . ." (Citations omitted.) *State v. Miller,* 270 N.C. 726, 730, 154 S.E. 2d 902 (1967). "[T]he credibility of witnesses and the proper weight to be given their testimony is to be determined by the jury, not by the court upon a motion for judgment of nonsuit." (Citations omitted.) *Miller, supra,* at p. 730. The State's evidence in the case *sub judice* was clearly sufficient to take the case to the jury.

[6] In his last argument, defendant argues that he did not receive a speedy trial in violation of his rights under the Sixth Amendment to the United States Constitution. Defendant was arrested on 24 July 1978, but not tried until one year later on 9 July 1979.

"The burden is on an accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or wilfulness of the prosecution." *State v. Johnson,* 275 N.C. 264, 269, 167 S.E. 2d 274 (1969). Four interrelated factors must be considered: the length of the delay; the cause of the delay; prejudice to the defendant; and waiver of his right to a speedy trial by the defendant. *See Johnson, supra.*

In the case *sub judice* there was a long delay. Furthermore, it is evident from letters written by defendant and statements made by his counsel, Mr. Davis, that defendant was anxious to stand trial and be through with the ordeal. We find, however, no breach of defendant's Sixth Amendment rights.

The negligible prejudice to the defendant caused by the long delay is insignificant in light of the reason. Defendant's first counsel withdrew for medical reasons. The case was continued at the request of defendant's new counsel, but he, too, eventually withdrew because of illness. Defendant's present counsel brought the case to trial on 18 April 1979; but due to the court reporter's failure to record the voir dire of the jury, the trial court, in an abundance of regard for defendant's rights continued the case. At no point did the State drag its heels in prosecuting the case. We find no violation of defendant's Sixth Amendment rights.

For the reasons stated above, in the trial of the case we find

No error.

Judges MARTIN (Robert M.) and WEBB concur.