STATE OF NORTH CAROLINA v. RODNEY EUGENE THOMPSON

No. 8221SC1232

(Filed 18 October 1983)

**1. Criminal Law § 75.11— confession—waiver of right to counsel**

In a prosecution for armed robbery, the trial court properly admitted defendant's confession into evidence where a detective's testimony indicated that defendant never requested an attorney *during* interrogation, and where defendant presented no evidence contradicting the detective's testimony. The fact that defendant advised the detective that he had once been represented by an attorney did not render the confession inadmissible.

**2. Criminal Law § 74— confession—no undue emphasis placed upon it**

Because there were differences in a written confession and in an oral confession, the written statement was not unduly emphasized by allowing it to be read to, and then passed among, the jurors.

**3. Criminal Law § 132— motion to set aside verdict as contrary to weight of evidence—denial proper**

In a prosecution for armed robbery, the trial court properly denied defendant's motion to set aside the verdict as contrary to the weight of the evidence even though the defendant's evidence tended to show that he did not commit the crime since defendant confessed to the robbery, and, although his accomplice testified that defendant was not the one who had committed the robbery with him, a detective testified that the accomplice had previously told him defendant had committed the robbery with him.

**4. Criminal Law § 138— robbery with a firearm—consideration of aggravating factor that large sum of money taken proper**

In a prosecution for robbery with a firearm under G.S. 14-87, the trial court properly submitted as an aggravating factor that a large sum of money was taken since all that is necessary to prove the offense of robbery with a firearm is that an attempt was made to rob by the use of a firearm or other dangerous weapon. G.S. 15A-1340.4(a)(1).

5. **Criminal Law § 181.4— insufficient evidence to support motion for appropriate relief**

> The Court denied defendant's motion for appropriate relief which was based on newly discovered evidence where the person who was supposed to be defendant's accomplice testified at trial that defendant was not his accomplice but at trial refused to name the other robber, and where the new evidence consisted of the name of the "other robber." The evidence was not of such a nature that a different result would probably be reached at a new trial.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 5 August 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 2 September 1983.

Defendant was tried and convicted of armed robbery on 5 August 1982 and was sentenced to 32 years in prison.

*Attorney General Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Sapp & Mast, by Keith Stroud, for defendant appellant.*

BECTON, Judge.

I

The issues on appeal relate to: (a) the admission of, and emphasis placed on, a confession by defendant; (b) the sufficiency of the evidence; (c) the court's findings of aggravating factors; and (d) newly discovered evidence as set forth in defendant's motion for appropriate relief. For the reasons that follow, we find no error in the trial.

II

At approximately 3:00 a.m. on 19 January 1982, four employees of Darryl's Restaurant in Winston-Salem were leaving work when they encountered two men wearing stocking masks over their heads. One of the two men was approximately four inches taller than the other. The shorter man was carrying a sawed-off shotgun. The two men ordered the employees to return to the restaurant and ordered one of the employees to open the safe. The employee complied and gave the taller man approximately $4,700.00 from the safe. While they were returning to the restaurant, one of the employees had caught a glimpse of the shorter man's face when he briefly lifted his mask. This employee identified the shorter man as the defendant, Rodney Thompson.

Under questioning by the police, defendant initially denied participating in the robbery, but later, according to Detective W. G. Miller, confessed to participating in the robbery with Michael Workman.

Defendant presented the testimony of four witnesses who stated' that defendant was at home at the time the robbery occurred. Michael Workman, who admitted participating in the robbery, testified that defendant was not the person who was with him but refused to name the other person. Defendant himself testified that he did not participate in the robbery. Defendant also denied telling the police that he participated in the robbery.

## III

[1] Defendant first argues that the trial court erred in admitting his confession into evidence. While being interrogated by Detective Miller, defendant advised Miller that he had once been represented by a Mr. Chuck Alexander. Defendant asserts that this was a request for counsel at which time interrogation should have ceased until counsel was present. Defendant contends the trial court erred in failing to make a finding of fact on defendant's alleged request for counsel during interrogation. We disagree.

"When the admissibility of an in-custody statement is challenged the trial judge must conduct a *voir dire* to determine whether the requirements of *Miranda* have been met." *State v. Riddick*, 291 N.C. 399, 408, 230 S.E. 2d 506, 512 (1976). If there is a material conflict in the evidence, the trial judge must make findings of fact to resolve the conflict. *Id.* "If there is no conflict in the evidence on *voir dire*, it is not error to admit a confession without making specific findings of fact, although it is always the better practice to find all facts upon which the admissibility of the evidence depends." *Id.*

Detective Miller, the sole witness on *voir dire*, testified that he read defendant his rights prior to interrogation. In response to Detective Miller's questions, defendant indicated that he understood his rights, that he did not want to talk to a lawyer and have a lawyer present during questioning, and that he wished to answer questions. Detective Miller recorded defendant's answers on the waiver of rights form, which defendant signed. Detective Miller further testified on *voir dire* by Mr. Stroud:

It is not true that later on in my questioning of your client that he asked me concerning having counsel present. When I talked with him he advised me that he did not wish to have counsel present.

Q. Did you inform Rodney Thompson when he could get counsel appointed if he did want counsel?

A. He didn't say anything about wanting counsel.

I advised him that he had the right to have counsel there when we were questioning him if he wanted. There was no question at this point about how long he would have to remain there. He didn't ask any questions.

Q. Did you, at any time, advise Rodney Thompson that if he could not afford an attorney, one would be appointed and at what point in time it would be appointed for him?

A. I advised him of the fact that if he couldn't afford one, one would be appointed for him.

I did not tell Ronnie Thompson that he would have to wait for the Court to appoint counsel for him. Mr. Thompson advised me that he had had some dealing in one way or the other with Chuck Alexander, that Mr. Alexander had represented him.

Q. So, you were advised that Mr. Alexander would represent him; is that correct?

A. Some time before I left him that day he told me about Mr. Alexander.

I did not at any time contact Mr. Alexander and inform him of my questioning of his client. Mr. Thompson did not request it.

Q. Did you, at any time, inform Mr. Thompson that if he wanted Mr. Alexander present, that you would wait and conduct the questioning when Mr. Alexander arrived?

A. When I advised Mr. Thompson of his constitutional rights, and I asked if he wanted to talk to a lawyer and have him present during questioning his answer was no.

VOIR DIRE EXAMINATION continuing by Mr. Lyle:

When Rodney Thompson was talking about Mr. Alexander, he was talking about him representing him at trial. He did not ever say that he wanted Mr. Alexander there while I was asking him questions. He never requested Mr. Alexander or any attorney at that time. . . .

We do not believe that the mention of Chuck Alexander constituted a request for counsel and for interrogation to cease. Detective Miller's testimony indicates that defendant never requested an attorney *during* interrogation. Defendant presented no evidence contradicting Detective Miller's testimony. Thus, there was no conflict in the evidence, and the trial judge was not required to make a particular finding of fact concerning whether the reference to Mr. Alexander constituted a request for counsel. In fact, the trial judge found and concluded as a matter of law that "the defendant was in full understanding of his constitutional rights to remain silent and his right to counsel . . . and that he freely, knowingly and voluntarily waived each of these rights."

IV

[2] We also reject defendant's contention that the trial court allowed undue emphasis to be placed upon defendant's confession by, first, allowing Detective Miller to testify as to the substance of an oral confession and then to read aloud defendant's written confession; and by, second, allowing the State to pass the written confession among the jurors. Defendant attempts to distinguish *State v. Caldwell*, 15 N.C. App. 342, 190 S.E. 2d 371 (1972), in which this Court rejected a similar contention that a confession was unduly emphasized, but the distinction is not persuasive. Defendant gave Detective Miller a detailed oral statement and subsequently dictated a less detailed statement which Detective Miller wrote down. Because there were differences in the statements, we do not believe the written statement was unduly emphasized by allowing it to be read to, and then passed among, the jurors.

V

[3] As defendant concedes, the State produced sufficient evidence to take the case to the jury. He contends, however, that the trial court erred in denying his motion to set aside the verdict

as being contrary to the weight of the evidence. He argues that the evidence he presented — his four alibi witnesses, Michael Workman's testimony that defendant was not the accomplice, and his own testimony that he did not know of, or participate in, any robbery and that he was at home at the time of the robbery — shows that he did not commit the crime. We reject this assignment of error.

In *State v. Puckett*, 46 N.C. App. 719, 266 S.E. 2d 48 (1980), this Court held that the State's evidence was sufficient to support a conviction "[d]espite the fact that defendant presented unimpeachable alibi witnesses, which if believed, would have precluded a conviction." *Id.* at 724, 266 S.E. 2d at 51. In that case, "the victim's unshakable identification of defendant" was a key factor. *Id.* In the present case, defendant confessed to the robbery. Moreover, Workman was impeached by Detective Miller's testimony that Workman told him that defendant was his accomplice the day before Miller interrogated defendant. The contradictions in, and the credibility of, the testimony were for the jury to decide. *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977).

VI

**[4]** Defendant next assigns error to the court's finding as an aggravating factor that "[t]he offense involved an actual taking of property of great monetary value." *See* N.C. Gen. Stat. § 15A-1340.4(a)(1)(m) (Cum. Supp. 1981). Defendant does not argue that this statutory aggravating factor erroneously focuses, with hindsight, on what was actually taken as opposed to what the perpetrator intended to take. Nor does defendant argue that the statutory aggravating factor is constitutionally infirm to the extent it allows a more severe sentence for one who robs the rich of much than for one who robs the poor of little. Rather, he argues that the fact that defendant took $4,700.00 from the Darryl's Restaurant was evidence necessary to prove an element of the offense of armed robbery, and thus was improperly used to prove any factor in aggravation. We disagree.

Under the Fair Sentencing Act, G.S. § 15A-1340.4(a)(1) provides in pertinent part that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to

prove more than one factor in aggravation." Thus, the question is whether the fact that defendant took $4,700.00 was evidence *necessary* or essential to prove an element of the offense of robbery with firearms. *See State v. Abdullah*, --- N.C. ---, --- S.E. 2d --- (filed 9 August 1983); *State v. Thobourne*, 59 N.C. App. 584, 297 S.E. 2d 774 (1982).

The offense of robbery with firearms is defined in N.C. Gen. Stat. § 14-87(a) (1981) as follows:

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, *unlawfully takes or attempts to take* personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony. (Emphasis added.)

Robbery with a firearm under G.S. § 14-87 "is complete if there is an attempt to take property by [the] use of firearms or other dangerous weapons." *State v. Black*, 286 N.C. 191, 194, 209 S.E. 2d 458, 460 (1974). Thus, all that is *necessary* to prove the offense is that an attempt was made to rob by the use of a firearm or other dangerous weapon. Since the offense does not require proof that money was actually taken, the taking of the large sum of money was properly considered as an aggravating factor, in light of defendant's assignment of error.

## VII

[5] Defendant also asks this Court to grant his motion for appropriate relief (filed 24 November 1982) based on the ground of newly discovered evidence. In support of his motion, defendant has produced Michael Workman's affidavit in which Workman states that an individual named Rodney Davis was his accomplice and that he did not name this person at trial for fear of retaliation against his family.

> In order for a new trial to be granted on the ground of newly discovered evidence, it must appear by affidavit that (1) the witness or witnesses will give newly discovered evidence; (2)

the newly discovered evidence is probably true; (3) the evidence is material, competent and relevant; (4) due diligence was used and proper means were employed to procure the testimony at trial; (5) the newly discovered evidence is not merely cumulative or corroborative; (6) the new evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness; and (7) the evidence is of such a nature that a different result will probably be reached at a new trial. (Citation omitted.)

*State v. Beaver*, 291 N.C. 137, 143, 229 S.E. 2d 179, 183 (1976).

We deny defendant's motion because he has failed to satisfy all of the above requirements. Workman testified at trial that defendant was not his accomplice but refused to name the other robber. Because of Workman's trial testimony, we cannot say that: (1) the evidence was "newly discovered"; (2) due diligence was used and proper means were employed to procure the testimony at trial; and (3) the evidence was not merely cumulative or corroborative. Moreover, we cannot say that the testimony was "probably true" since Detective Miller testified that Workman told him that defendant was his accomplice. The jury clearly rejected Workman's trial testimony. Because of these factors, we cannot say that "the evidence was of such a nature that a different result will probably be reached at a new trial." *Id.*

## VIII

For the foregoing reasons, we hold that defendant received a fair trial free of prejudicial error. In the trial and judgment of defendant, we find

No error.

Judges JOHNSON and BRASWELL concur.