STATE OF NORTH CAROLINA v. ANTONIO VERNON POWELL

No. 845SC585

(Filed 7 May 1985)

1. **Criminal Law § 105.1— presenting evidence—waiver of prior motion to dismiss**

   By presenting evidence at trial, defendant waived his right to assert the denial of his motion for dismissal made at the close of the State's evidence as error on appeal.

2. **Burglary and Unlawful Breakings § 5.11— first-degree burglary—intent to commit rape—sufficiency of evidence**

   The State's evidence was sufficient to permit an inference that defendant broke into the victim's dwelling with the intent to commit rape so as to support his conviction of first-degree burglary where it tended to show that defendant entered the dwelling through a window and went into the victim's bedroom while she was asleep; defendant went to the head of the victim's bed, undressed, and began fondling his private parts and breathing heavily; the victim was awakened by defendant's heavy breathing; and defendant fled the premises when the victim threatened to call the police and picked up the telephone to do so.

APPEAL by defendant from *Reid, Jr., Judge*. Judgment entered 17 November 1983 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 11 February 1985.

Defendant was charged in a bill of indictment with first degree burglary in violation of G.S. 14-51. The indictment charged the defendant with breaking and entering the occupied dwelling of Patricia K. Johnson in the nighttime with the intent to commit felonies, to wit: larceny, felonious assault and rape. The trial judge instructed the jury only as to the intent to commit rape.

The jury returned a verdict finding defendant guilty of first degree burglary. Defendant was sentenced to fourteen years imprisonment. From the judgment, defendant appeals.

*Attorney General Lacy Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*Fullwood & Morgan, by Thomas J. Morgan, for the defendant.*

JOHNSON, Judge.

[1]   Defendant seeks to challenge the sufficiency of the evidence to convict him, by motion to dismiss made at the close of the State's evidence and his motion to set aside the jury's verdict as contrary to the greater weight of the evidence. The record reveals that the defendant's motion to dismiss was made at the close of the State's evidence, but was not renewed at the conclusion of all the evidence. Defendant's motion to dismiss was denied, at which time he proceeded to put on evidence. By presenting evidence at trial, defendant waived his right to assert the denial of his motion for dismissal made at the close of the State's evidence as error on appeal. *State v. Boyd,* 61 N.C. App. 238, 300 S.E. 2d 578, *cert. denied,* 308 N.C. 545, 304 S.E. 2d 238 (1983).

[2]   Defendant next contends that the trial court erred in denying his motion to set aside the jury's verdict as being contrary to the greater weight of the evidence. The evidence revealed that on 9 July 1983, defendant entered the victim's, Patricia Johnson, home by climbing through a downstairs window. Defendant then entered the bedroom of the victim while she was asleep. The victim was awakened by defendant's heavy breathing. Upon waking, the victim saw the defendant standing very close to her at the head of her bed. Defendant was totally naked, fondling his private parts and breathing heavily. The victim confronted the defendant, threatened to call the police and picking up the phone proceeded to call the police. Defendant then fled the premises.

Defendant cites several cases where the courts of this State found the evidence insufficient for a rational trier of fact to infer that the defendant intended to commit the felony of rape. *State v. Dawkins,* 305 N.C. 289, 287 S.E. 2d 885 (1982); *State v. Rushing,* 61 N.C. App. 62, 300 S.E. 2d 445, *aff'd,* 308 N.C. 804, 303 S.E. 2d

822 (1983); *State v. Hankins*, 310 N.C. 622, 313 S.E. 2d 579 (1984). We find these cases clearly distinguishable from the case at bar.

In *Dawkins*, defendant was wearing shorts, a raincoat, a knee-length cast and a gym shoe. The Court held that this evidence standing alone only raised a possibility or conjecture that the defendant had the intent to commit rape. In *Rushing*, the evidence revealed that the defendant entered the bedroom of a prosecutrix while she was asleep. After waking and asking his identity, the defendant said, "Don't holler, don't scream, I got a gun, I'll shoot you," and then came to the side of the bed at which time he seized the prosecuting witness' arm. She tried to turn on the light and the defendant told her not to move. She screamed, which woke her small child who also screamed. The defendant then fled. In *Hankins*, two females were in a downstairs room of a house when they heard a tap on the door. One of the females opened the door at which time the defendant pushed the screen door open and entered the house. Defendant stated that he had a knife and told the females to get up against the wall. One of the females ran into an adjoining bedroom of a male, followed by the other female. As the two females struggled to wake their male companion, another female came down the steps and was confronted by the defendant. He told her, "I've got a knife. This is no joke. Get up against the wall or I will kill you." The male came out of the bedroom and struggled with the defendant. The defendant then fled the house.

In the cases cited by the defendant, there was no evidence of any sexual behavior exhibited on the part of the defendants. In the present case, there is ample evidence of sexual behavior exhibited by the defendant from which a rational trier of fact could infer the intent to commit rape. After entering the victim's bedroom, defendant proceeded to the head of her bed, undressed, commenced fondling his private parts and breathing heavily. The evidence was sufficient for the jury to infer that the defendant had a sexual purpose when entering the victim's home.

A motion to set aside the verdict as being against the greater weight of the evidence is addressed to the trial judge's discretion and is not reviewable on appeal, in the absence of evidence of abuse of discretion. *State v. Puckett*, 46 N.C. App. 719, 266 S.E. 2d 48 (1980). Under the facts of this case, we fail to find

any abuse of discretion in the denial of defendant's motion to set aside the verdict.

In this trial we find

No error.

Chief Judge HEDRICK and Judge COZORT concur.