State v. Williams

STATE OF NORTH CAROLINA v. MARCEL WILLIAMS

No. 8716SC1003

(Filed 3 May 1988)

**Automobiles and Other Vehicles § 132— passing stopped school bus—identity of driver of car—sufficiency of evidence**

In a prosecution for passing a stopped school bus, evidence of the identity of the driver of the car which passed the bus was sufficient to be submitted to the jury where it tended to show that defendant had admitted that she was the only driver of the car; the car was registered to defendant; a State's witness testified that she had seen a black woman driving a blue car which matched the description of both defendant and her car; and N.C.G.S. § 20-217(f), which was in effect both at the time of the violation and the trial, provided that proof that a particular motor vehicle violated the statute constituted *prima facie* evidence that the motor vehicle was driven at the time by the car's registered owner.

APPEAL by defendant from *Smith, Donald L., Judge.* Judgment entered on the verdict 14 July 1987 in ROBESON County Superior Court. Heard in the Court of Appeals 29 March 1988.

Defendant appeals her conviction for passing a stopped school bus in violation of N.C. Gen. Stat. § 20-217(a) (1983). The matter came on for trial before a jury on 13 July 1983. Defendant moved to dismiss at the close of the State's evidence and at the close of all the evidence. Defendant also moved to set aside the verdict as being contrary to the greater weight of the evidence. The trial court denied each of these motions.

The State's evidence tended to show that on 6 January 1987 around 3:55 p.m., a Robeson County school bus, travelling west on Highway 72, stopped to discharge some school children. The State's witness, Ms. Virginia Emanuel, testified that she was following the bus in her car some 300 feet behind the school bus at that time. She stated that the bus had discharged approximately ten children and had extended its mechanical stop signal when she observed, in the oncoming lane, a blue Plymouth or Dodge automobile pass the bus. Ms. Emanuel then testified that the driver of the blue car appeared to be a black female of medium complexion wearing a bonnet and a coat. Ms. Emanuel also testified that immediately after the blue car passed the bus, she watched the car from her rearview mirror and noted its license plate number (BTS-161) on a scratch piece of paper. The evidence further tend-

ed to show that the day was clear and Ms. Emanuel's view of the road was unobstructed. The highway was comprised of three lanes, one of which was a turning lane.

The second of the State's witnesses, Highway Patrol Trooper John Flynn, testified that he contacted Ms. Emanuel regarding the incident on 9 January 1987. She described the car as a two-tone blue Plymouth or Dodge and stated that "it was not a new model." She also gave him the license plate number.

The trooper instituted a license plate check through which he located defendant. Flynn then contacted defendant at her home and found a blue two-tone 1972 Plymouth on her property. Trooper Flynn explained to defendant that he was investigating the school bus incident and asked defendant if she was the only driver of the 1972 Plymouth. Defendant replied affirmatively although she stated that she had not driven the car on 6 January 1987.

Defendant's evidence tended to show that she drove the car to John McRae's in Lumberton on the day in question, to have the brake shoes replaced. Both defendant and McRae testified that she was at his shop until 4:15 p.m. or later that day. Defendant testified that she drove directly home from McRae's.

On the jury's guilty verdict finding defendant in violation of G.S. § 20-217(a), the trial court imposed a sentence of 90 days' imprisonment suspended for a two-year probationary period with a 24-hour active period. From the trial court's denial of defendant's motions to dismiss and motion to set aside the verdict, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Meg Scott Phipps, for the State.*

*Britt & Britt, P.A., by Evander M. Britt, III, for defendant-appellant.*

WELLS, Judge.

By two of her assignments of error, defendant contends that the trial court erred in denying her motions to dismiss and to set aside the verdict. Her argument in the main is that the State's evidence regarding the identity of the driver of the blue car was

insufficient as a matter of law for the case to have been submitted to the jury or to have supported the jury verdict. We disagree.

To prevail against a motion to dismiss, the State must introduce substantial evidence of each element of the offense. *State v. Childress*, 321 N.C. 226, 362 S.E. 2d 263 (1987). On appeal of a motion to dismiss, the State is entitled to every reasonable inference that may be drawn from its evidence. *State v. Byrd*, 309 N.C. 132, 305 S.E. 2d 724 (1983). Where the State bases a portion of its case on circumstantial evidence, the sufficiency of the State's evidence may be determined by drawing inferences from inferences. *State v. Childress, supra.* Further, where there exists a rational relationship between the facts proven and inferences drawn, the reasonable doubt burden of proof required of the State will be met. *State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977); *State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975).

In the case at bar, the State presented evidence that defendant had admitted that she was the only driver of the car and that the car was registered to her. Moreover, the State's eyewitness, Ms. Emanuel, testified that she had seen a black woman driving a blue car which matched the description of both the defendant and her car. Such facts rationally give rise to the inference that defendant was the driver of the car which passed the stopped school bus. *Batdorf, supra; Williams, supra.*

Additionally, G.S. § 20-217(f), which was in effect both at the time of the violation and the trial, provided that proof that a particular motor vehicle violated the statute constituted *prima facie* evidence that the motor vehicle was driven at the time by the car's registered owner. [G.S. § 20-217(f) expired 1 October 1987.] Although defendant told Flynn that she had not driven the car on 6 January 1987, such inconsistencies being for the jury to resolve, would not prevent submission of the case to the jury. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976); *In re Adoption of Searle*, 82 N.C. App. 273, 346 S.E. 2d 511 (1986). Furthermore, defendant's evidence that her car was at John McRae's at the time of the offense, being in direct conflict with the State's evidence, would not have justified taking the case from the jury. *Id.*

Defendant's argument that the State could not rely on N.C. Gen. Stat. § 20-71.1 (1983) is likewise unpersuasive. The statute provides for the presumption that the registered owner of the car is the party responsible for any mishaps caused by the car, but its admissibility is limited to civil cases. *State v. Cotten*, 2 N.C. App. 305, 163 S.E. 2d 100 (1968). As has already been pointed out, the pertinent statute, G.S. § 20-217(f) sets out a similar evidentiary presumption. The State, therefore, did not need to bring the evidence of ownership registration in under G.S. § 20-71.1. More importantly, even if the evidence of the registration had not been admissible, defendant's having stated that she was the only driver of the car coupled with Ms. Emanuel's description of the car and driver was sufficient evidence of defendant's identity to go to the jury. *See State v. Childress, supra*. We hold that the trial court properly allowed the case to the jury and defendant's third assignment of error is thus overruled.

Defendant, by her second argument and fourth assignment of error, contends that the trial court erred in denying her motion to set aside the verdict as being contrary to the greater weight of the evidence. Again, we disagree.

Ruling on a motion to set aside the verdict is addressed to the sound discretion of the trial court. *State v. Powell*, 74 N.C. App. 584, 328 S.E. 2d 613 (1985) and will not be reviewed on appeal in the absence of abuse of that discretion. *Id.; State v. Puckett*, 46 N.C. App. 719, 266 S.E. 2d 48 (1980).

In the present case, we believe there existed sufficient evidence from which the jury could infer that defendant was the driver of the blue car. Moreover, the jury was entitled to make such an inference under *State v. Childress, supra*.

Finding no abuse of discretion, we hold that the trial court's denial of defendant's motion to set aside the verdict did not constitute error.

No error.

Judges PARKER and ORR concur.