EDWARD PERNAY STEWART, PLAINTIFF v. VICTOR TYSON GALLIMORE, ORIGINAL DEFENDANT AND MICHAEL KAYLER, ADDITIONAL DEFENDANT.

(Filed 24 November, 1965.)

1. **Trial § 21—**

Upon motion of nonsuit, the evidence must be considered in the light most favorable to plaintiff, giving him the benefit of all reasonable inferences which may be drawn therefrom, and all conflicts must be resolved in his favor.

2. **Negligence § 26—**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's own evidence establishes this defense so clearly that no other reasonable inference can be drawn therefrom.

3. **Automobiles § 41h—**

Evidence to the effect that defendant approached an intersection without keeping a proper lookout, that he turned left into the intersecting road across plaintiff's lane of travel without giving signal and without first proceeding to the center of the intersection, *held* sufficient to be submitted to the jury on the issue of negligence.

4. **Automobiles § 42g—**

Plaintiff's evidence was to the effect that the driver of his car approached the intersection within the legal speed limit, and struck defendant's car which had approached from the opposite direction and which turned left without signal across plaintiff's lane of travel, and the only evidence offered by plaintiff tending to show excessive speed was testimony to the effect that his car traveled some 156 feet after the collision with its right wheels in the ditch for a considerable part of that distance. *Held:* Plaintiff's evidence does not disclose contributory negligence as a matter of law on the part of plaintiff's driver.

5. **Negligence § 7—**

A proximate cause may be an act or omission which does not immediately precede the injury or damage, and therefore proximate cause and immediate cause are not synonymous.

6. **Appeal and Error § 42—**

An instruction to the effect that plaintiff's contributory negligence would bar recovery if one of the "immediate" causes of the injury, rather than

one of the "proximate" causes thereof, will not be held for prejudicial error when the evidence is to the effect that each act or omission attributable to plaintiff continued up to the moment of collision and that, if they occurred, they were of necessity proximate causes as well as immediate causes thereof.

APPEAL by original defendant from *Shaw, J.,* May 1965 Session of STANLY.

Action for damages to the automobile of the plaintiff resulting from a collision between it and the automobile owned and driven by the defendant, which occurred 15 June 1963, on Highway 49 in Stanly County. It is stipulated that at the time of the collision, the plaintiff's automobile was being driven by Michael Kayler under circumstances such that any negligence of Kayler would be attributable to the plaintiff.

The original defendant filed an answer alleging a cross-action against Kayler, who, in turn, filed an answer thereto alleging a counterclaim against the original defendant. Prior to trial the original defendant and the additional defendant submitted to judgments of voluntary nonsuit upon such cross-action and counterclaim. The action was tried as one between the plaintiff and the original defendant only and the additional defendant is not a party to this appeal.

The plaintiff alleges that his automobile was being driven westwardly on Highway 49 and that the defendant, proceeding eastwardly thereon, without giving any signal of his intention so to do, drove his automobile to the left of the center line of the highway at its intersection with Rural Public Roads Nos. 1005 and 1134 and caused it to collide with the automobile of the plaintiff. The defendant, in his answer, denies negligence by him, alleges that he was making a left turn at such intersection and that the collision was due solely to negligence by Kayler in his operation of the plaintiff's automobile at an excessive speed, while under the influence of intoxicating liquor and without keeping a proper lookout and in his failure to yield the right of way to the defendant's vehicle which was already within the intersection. Alternatively, the alleged negligence of Kayler is pleaded as contributory negligence chargeable to the plaintiff.

The jury answered the issues in favor of the plaintiff and from a judgment entered upon the verdict the defendant appeals, assigning as errors the denial of his motion for judgment as of nonsuit and a portion of the instructions to the jury upon the issue of contributory negligence. In this portion of the charge the court, after listing the alleged acts and omissions of Kayler alleged by the defendant to constitute contributory negligence, said: "If you find any of these violations and find it by the greater weight of the evidence and

further find that such negligent acts of the plaintiff was one of the immediate causes of this collision which combined and concurred with the alleged negligence of the defendant to produce this collision, then you would answer this second issue in favor of the defendant, that is, 'yes.' " The defendant contends that the court should have used the word "proximate" instead of the word "immediate" in this sentence.

Evidence offered by the plaintiff tends to show: At the intersection Highway 49 is straight and level with an unobstructed view in either direction for at least 1,000 feet. The collision occurred near noon; the weather was clear and the road dry. The plaintiff's car, driven by Kayler, was headed west. The defendant was headed east. He intended to make a left turn into Rural Paved Road No. 1005. Debris from the accident was on the plaintiff's side of Highway 49, west of the center of Rural Paved Road No. 1005, projected. The plaintiff's car came to rest in the ditch on his right, 165 feet west of the debris, having proceeded with its right wheels in the ditch for a considerable part of this distance. The defendant's car came to rest in the westbound lane of Highway 49 and west of the center line of Rural Paved Road No. 1005, projected. The defendant stated to the investigating patrolman that as he approached the intersection he was looking at his speedometer, which he had just had repaired, to see if it was working and he did not observe the plaintiff's car until the collision occurred. The points of impact were the left front door of the plaintiff's car and the left front of the defendant's. Kayler first observed the defendant's car when it was approximately 360 feet from the intersection, at which time Kayler, in the plaintiff's car, was approximately 1,000 feet east of the intersection. He observed the defendant's car continuously until the collision occurred. It was proceeding approximately 25 miles an hour eastwardly toward the intersection and veered over the center line into the westbound lane, but gave no signal of an intent to turn. Kayler was then driving approximately 50 to 55 miles an hour, the speed limit being 60. At the time of the collision the defendant's automobile was six or eight feet across the center lane in the westbound lane of Highway 49. Kayler took his foot off the accelerator but did not apply the brakes on the plaintiff's car because, as he said, "The accident happened too fast."

The defendant offered testimony tending to show: He was driving 25 to 30 miles an hour eastwardly on Highway 49. As he approached the intersection, he turned on his left turn signal light. He looked east along Highway 49 but saw no car approaching when he began his turn. He began his turn before reaching the intersection and had crossed entirely into the westbound lane of Highway 49 when the

collision occurred. As he got to the intersection, he observed the plaintiff's car approaching about 100 feet away at a speed of at least 90 miles per hour. He stopped and the left side of the plaintiff's car struck the left side of his car, damaging both vehicles. Approximately one mile east of the scene of the collision the plaintiff's car passed a westbound truck, the driver of which estimated the speed of the plaintiff's car at that time to have been 75 or 80 miles an hour. Kayler had drunk some beer that day and at the hospital, to which he was taken on account of injuries sustained by him, he had a "carefree manner." No odor of an intoxicant was detected. Prior to this accident Kayler had been convicted in various courts of five different offenses of speeding.

*Richard L. Brown, Jr., S. Craig Hopkins for original defendant appellant.*
*D. D. Smith for plaintiff appellee.*

PER CURIAM. Upon a motion for judgment as of nonsuit the evidence must be considered in the light most favorable to the plaintiff, all reasonable inferences in his favor must be drawn therefrom and all conflicts must be resolved in his favor. *Coleman v. Colonial Stores, Inc.,* 259 N.C. 241, 130 S.E. 2d 338; *Ammons v. Britt,* 256 N.C. 248, 123 S.E. 2d 579; *Jenkins v. Electric Co.,* 254 N.C. 553, 119 S.E. 2d 767. A nonsuit on the ground of plaintiff's contributory negligence can be granted only when his own evidence shows such negligence by him so clearly that no other reasonable inference can be drawn therefrom. *McNamara v. Outlaw,* 262 N.C. 612, 138 S.E. 2d 287.

So interpreted, the evidence is sufficient to permit a finding that the defendant approached the intersection without keeping a proper lookout, that he gave no signal of his intent to turn to his left, that he did not proceed to the center of the intersection before commencing his left turn and that he drove upon the left of the center of Highway 49 as he approached the intersection. Thus, the evidence is sufficient to permit the jury to find in favor of the plaintiff upon the first issue. G.S. 20-146, 153, 154. While the distance traveled after the impact may tend to show that Kayler was driving at an excessive speed, other evidence offered by the plaintiff is to the contrary. No other evidence offered by the plaintiff tends to show negligence by Kayler. Consequently, a judgment of nonsuit on this ground could not properly have been entered.

In his charge, the judge instructed the jury as to contributory negligence and as to proximate cause. No exception was taken to these portions of the charge. Then, after recounting the alleged acts

and omissions of Kayler, which defendant contends constituted contributory negligence, he added the sentence including the phrase "one of the immediate causes" to which the defendant excepts. Technically, it was error to use the phrase "one of the immediate causes" rather than "one of the proximate causes" in this instruction. A proximate cause may be an act or omission which does not immediately precede the injury or damage. *Harvell v. Lumber Co.,* 154 N.C. 254, 70 S.E. 389. However, each act or omission by the plaintiff's driver shown by the defendant's evidence, assuming it to be true, continued up to the moment of the collision. Such acts or omissions, if they occurred, and if they were proximate causes of the collision were also immediate causes of it. When considered in the light of these circumstances, and in connection with other portions of the charge with reference to negligence and causation, the use of the term "one of the immediate causes" was harmless error and not prejudicial to the defendant. Such error is not a sufficient basis for granting a new trial. *Burgess v. Construction Co.,* 264 N.C. 82, 140 S.E. 2d 766.

No error.