FORSYTH COUNTY v. WILLIAM H. SHELTON; AND WIFE, CAROLYN SHELTON; CHRISTOPHER H. SHELTON; WILLIAM T. SHELTON; AND LISA C. SHELTON

No. 8421DC1026

(Filed 21 May 1985)

**1. Municipal Corporations § 30.19— nonconforming use—voluntary abandonment**

Defendants' motion for a directed verdict was properly denied on the issue of voluntary abandonment of a nonconforming use where the property had been operated by Ivor Shelton as a commercial swimming lake, picnic, and amusement area until he suffered a stroke in 1971; the property was leased to the YMCA through 1977; and was then used by family and friends but was not leased until 1982, when defendants acquired the property and reopened it for paying customers. Defendants' argument that the use of the property remained the same even though no one was using it would make the establishment of abandonment impossible. Moreover, the evidence was sufficient to raise a jury question as to whether the discontinuation of the commercial use was voluntary where Ivor Shelton's stroke caused a significant degree of physical disability but he retained the ability to conduct his affairs and continued to make decisions as to the use and maintenance of the property.

**2. Municipal Corporations § 30.19— nonconforming use—abandonment—type of electrical service**

In an action to determine whether a nonconforming use had been abandoned, there was no prejudicial error in the exclusion of evidence that a commercial electric account had been maintained for the property since 1961 where defendants put before the jury testimony that power service had been continuous since 1961. Whether the account was designated commercial or otherwise was of little relevance.

**3. Municipal Corporations § 30.19— nonconforming use—abandonment—instructions**

In an action to determine whether a nonconforming use had been abandoned, there was no error in the court's failure to give the requested instruction on involuntary cessation of the nonconforming use where the court correctly instructed the jury that plaintiff had to prove not only abandonment but also intent not to reestablish the use.

4. **Municipal Corporations § 31— nonconforming use—vagueness of ordinance not raised before appeal**

Defendants could not contend on appeal that a zoning ordinance was unconstitutionally vague in failing to define and distinguish prohibited "commercial amusements" and allowed "recreational facilities" where defendants admitted in their answer and proceeded throughout trial on the theory that the use was a nonconforming use. Defendants' proper remedy was to utilize existing administrative appeal channels to contest the zoning officer's determination that paid public use of the lake property was a nonconforming use.

5. **Municipal Corporations § 30.19— abandonment of nonconforming use—stay pending appeal—no abuse of discretion**

The propriety of a stay allowing operation of a nonconforming use pending appeal was moot where the Court of Appeals upheld a verdict that the nonconforming use had been abandoned; moreover, no grounds were apparent for forfeiture of the appeal bond. G.S. 1A-1, Rule 62(c).

APPEAL by defendants from *Gatto, Judge*. Judgment entered 14 May 1984 in FORSYTH County District Court. Heard in the Court of Appeals 7 May 1985.

Shelton's Lake is a small lake and picnic area with related facilities, located in the Forsyth County zoning jurisdiction. In 1950 or 1951, Ivor Shelton began operating the property in the summers as a commercial swimming lake, picnic and amusement area. Ivor Shelton suffered a stroke in 1971 and ceased operating the lake property. In 1973 he leased it to the local YMCA who used it through the summer of 1977. Between 1977 and 1982 the lake property was not leased or otherwise open to the public as a commercial amusement facility. It was used by family and friends. In 1982 defendants acquired the property, refurbished the buildings and the lake and reopened it for paying customers.

In 1967, plaintiff Forsyth County had enacted a zoning ordinance covering the area in question. The subdivision including the lake property was zoned for large-lot residential development, which permitted "recreational facilities" but not "commercial amusements." The ordinance provided that existing nonconforming uses could continue, but that once the use was voluntarily abandoned, with intent not to reestablish, it could not thereafter be reestablished.

In May 1982, the county zoning officer advised defendants that commercial operation of the lake property was a nonconforming use. Defendants went ahead with their plans to reopen and in

April 1983 the County filed suit to enjoin the use of the lake property as a commercial amusement. A jury trial followed, focusing on the issue of voluntary abandonment. The jury considered one issue, whether the nonconforming use of the lake property was abandoned prior to 1982. They answered "yes," and judgment was entered 14 May 1982 restraining defendants' operation of the lake property as a commercial amusement. Defendants appealed. They also moved for and obtained a stay pending appeal, to allow operation during the 1984 season.

*Jonathan V. Maxwell and P. Eugene Price, Jr. for plaintiff.*

*D. Blake Yokley for defendants.*

WELLS, Judge.

Defendants first assign error to the denial of their motion for directed verdict, based on the insufficiency of evidence of abandonment. Upon such motion, plaintiff's evidence is taken as true, with all reasonable inferences therefrom, resolving all conflicts and inconsistencies in plaintiff's favor, and disregarding defendants' evidence unless favorable to plaintiff or tending to clarify plaintiff's case. *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982).

[1] Defendants make two arguments under this assignment. First, they argue that all the evidence showed that the "nature of the use of the property remained the same . . ., although no one was actually using it." This argument, if adopted, would make the establishment of abandonment in such cases impossible, contrary both to the ordinance and to the public policy of this state. *See Poster Advertising Co. v. Bd. of Adjustment*, 52 N.C. App. 266, 278 S.E. 2d 321 (1981) (nonconforming uses not favored). Zoning ordinances are construed against indefinite continuation of a nonconforming use. *Id.* Ordinances in general are construed to give effect to all of their parts if possible. *See Jackson v. Board of Adjustment*, 275 N.C. 155, 166 S.E. 2d 78 (1969). We therefore reject defendants' position, which would allow nonconforming uses to continue indefinitely and effectively nullify the abandonment provisions of the ordinance. Upon the evidence that use of the lake property was abandoned at least four years within the meaning of the ordinance, we hold that the nature and use of the lake property did not remain the same as its previous nonconforming use.

Defendants next contend, however, that the abandonment was not intentional. The ordinance defined abandonment as "the voluntary discontinuance of a use, when accompanied by an intent not to reestablish such use." Defendants contend that all the evidence showed that Ivor Shelton only ceased operating the lake property because of ill health, and always intended to reopen it to the public. We disagree. While defendants did produce evidence which tended to show that Ivor Shelton's stroke and attendant health problems prevented Ivor Shelton himself from operating the lake property and that Ivor Shelton always intended for the lake property to be reopened to the public, nevertheless, such evidence must be weighed and considered against plaintiff's evidence of non-use over a period of at least four years.

We first address the question of voluntariness of discontinuance. Defendants argue that Ivor Shelton's ill health conclusively established that the discontinuance of the operation of the lake property as a public facility was involuntary. Again we disagree. While the evidence showed that Ivor Shelton's stroke caused a significant degree of physical disability, the evidence also showed that Ivor Shelton retained the ability to conduct his affairs and that he did in fact continue to make decisions as to the use and maintenance of the property. Such evidence was sufficient to raise a jury question as to whether the discontinuance of the commercial use of the property was voluntary.

In support of their position that where discontinuance of use is occasioned by the illness of the owner, such discontinuance is involuntary, defendants rely on *Conway v. City of Greenville*, 254 S.C. 96, 173 S.E. 2d 648 (1970), a case involving discontinued use following the illness of the principal operator of a nonconforming business. While the South Carolina Court did find that *under the circumstances of that case*, the discontinuance of business use was involuntary, the court nevertheless made it clear that the question (in such cases) was "largely one of intention and must be determined from all of the surrounding facts and circumstances." *Id.* Such a standard has been adopted in a significant number of other states. *See* 82 Am. Jur. 2d, *Zoning and Planning* § 217. Similarly, we hold that the question of voluntariness of discontinuance of use in the case was one of fact, to be determined by the jury in the light of all the circumstances surrounding the discon-

tinued use of the Shelton Lake property as a commercial amusement enterprise.

Defendants also contend that all of the relevant evidence on the point showed that Ivor Shelton never showed any intent not to reopen the lake property to public commercial use. Again, we disagree, and hold that under all the circumstances of this case, including the significant length of non-use, a finder of fact could reasonably infer that Ivor Shelton manifested an intent to forego or abandon the use of the lake property as a commercial amusement enterprise.

[2] Defendants next assign error to the exclusion of evidence that a commercial electric account had been maintained for the lake property since 1961. The exclusion of evidence constitutes reversible error only if the appellant shows that a different result would have likely ensued had the error not occurred. *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 302 S.E. 2d 204 (1983). Defendants put before the jury testimony that power service had been continuous since 1961. Whether the account was designated commercial or otherwise appears to be of little relevance. Defendants have shown no prejudicial error.

[3] Defendants requested a jury instruction on involuntary cessation of the nonconforming use, which the court did not give.[1] Defendants claim prejudicial error. We consider the assignment in light of the evidence and the whole charge given. *See Stewart v. Gallimore*, 265 N.C. 696, 144 S.E. 2d 862 (1965) (per curiam). The court correctly instructed the jury that plaintiff had to prove not only abandonment but also the intent not to reestablish the use. In light of the evidence and the charge, we conclude the jury was correctly instructed, and that the instruction was substantially as defendants requested.

---

1. The requested instruction read in full:

   Ladies and Gentlemen of the Jury, the defendants contend that Ivor Shelton did not voluntarily discontinue the non-conforming use of the subject property. Defendants contend that because of the ill health of Ivor Shelton after he suffered a stroke, he was physically unable to open the subject property for its seasonal use, maintain it, and manage it. The law provides that if the cessation of the non-conforming use is involuntary, such cessation will not constitute an abandonment of the use.

[4] Finally, defendants assign error to the court's ruling, as a matter of law, that the ordinance was not unconstitutionally vague in failing to define and distinguish "commercial amusement" (prohibited) and "recreational facility" (allowed). Defendants admitted in their answer and proceeded throughout trial on the theory that the use was a nonconforming use. A nonconforming use is one not allowed by the ordinance, *i.e.*, a commercial amusement as opposed to a recreational facility. An admission in an answer judicially establishes the fact and removes the matter from further consideration. *Rollins v. Miller Roofing Co.*, 55 N.C. App. 158, 284 S.E. 2d 697 (1981). Defendants having admitted their nonconforming use, they were not then in a position to protest unfair treatment because they later (implicitly) contended the lake was a conforming use. *See Wilkes v. Bd. of Alcoholic Control*, 44 N.C. App. 495, 261 S.E. 2d 205 (1980) (only one adversely affected may challenge constitutionality). As the court below correctly pointed out, defendants' proper remedy was to utilize existing administrative appeal channels to contest the zoning officer's determination that paid public use of the lake property was a nonconforming use. *See Town of Kenansville v. Summerlin*, 70 N.C. App. 601, 320 S.E. 2d 428 (1984) (statutory remedy exclusive). Defendants do not contend that they were unaware of their right to appeal the decision of the zoning officer; their failure to do so precludes attack on that decision here. *New Hanover County v. Pleasant*, 59 N.C. App. 644, 297 S.E. 2d 760 (1982). They have never applied for a variance. The assignment is thus without merit.

[5] Plaintiff brings forward two cross-assignments of error. The first, that the court erroneously instructed on the burden of proof, is now moot. The second involves a stay pending this appeal obtained by defendants to allow the commercial operation of the lake property through the summer of 1984. As plaintiff concedes, the stay was in the discretion of the court. N.C. Gen. Stat. § 1A-1, Rule 62(c) of the Rules of Civil Procedure (1983). Plaintiff argues that a ruling on the propriety of the stay will nonetheless provide a legal basis to determine whether defendants' bond should be forfeited. It appears that the stay was granted expressly to allow operation of the lake property pending appeal; the bond clearly was set to ensure compliance with the conditions of operation set in the court's stay order. No ground for forfeiture is apparent, and our decision on the merits renders the propriety of

the stay itself moot. In view of the minimal actual harm to plaintiff, we are not inclined to rule that the stay constituted an abuse of discretion in any event. In the light of our decision, however, we now order that the stay order be vacated. The result is:

No error in the trial.

Stay order is vacated.

Judges JOHNSON and COZORT concur.