STATE v. EALY

[94 N.C. App. 707 (1989)]

STATE OF NORTH CAROLINA v. ROBERTA MALONE EALY

No. 8817SC1024

(Filed 18 July 1989)

**Automobiles and Other Vehicles § 113.1 — misdemeanor death by vehicle — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for misdemeanor death by vehicle where all of the evidence tended to show that defendant's tractor trailer was across the center line of the highway at the time the accident occurred. Defendant's testimony that she lost control of her vehicle and skidded into the other lane after she applied her brakes to avoid a collision with the victim's car which was approaching in her lane of travel merely presented a question for the jury.

APPEAL by defendant from *John, Joseph R., Judge*. Judgment entered 13 April 1988 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 11 April 1989.

Defendant was tried and convicted on a charge of misdemeanor death by vehicle. From the imposition of a two-year suspended sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William B. Ray, for the State.*

*Walker, Melvin & Berger, by Philip E. Berger, for defendant appellant.*

JOHNSON, Judge.

The charge against defendant, Roberta Malone Ealy, of misdemeanor death by vehicle arose out of a vehicle accident which occurred on 20 April 1987 at approximately 11:00 a.m. on U.S. 220 approximately one mile north of Stoneville, North Carolina. U.S. 220 is a two lane highway, one lane for northbound traffic and one for southbound traffic. Each lane is approximately 13' wide. At the time in question, Margaret J. Olaki was a passenger riding in the front seat of a 1987 Oldsmobile driven by her husband in the northbound lane of U.S. 220. Defendant was operating an International Harvester tractor trailer truck in the southbound

lane of U.S. 220. The weather was clear, dry and sunny. Mrs. Olaki testified that as she and her husband were proceeding north, the defendant's truck, when it was approximately 25 to 30 feet from their car, crossed the center line into their lane of travel and collided with their car. Mr. Olaki was killed as a result of the collision. All of the debris was located in the northbound lane. An examination of defendant's tractor trailer truck's braking and steering systems after the collision revealed no defects in either.

The defendant, testifying in her own behalf, stated that on the date and at the time in question she was operating a tractor trailer in the southbound lane of U.S. 220. She first saw the Olaki's vehicle when it was approximately two hundred feet away from her tractor trailer and was proceeding north in the southbound lane; that upon seeing the Olaki's vehicle in her lane of travel, she slammed on her brakes, lost control of the tractor trailer, skidded one hundred feet in the southbound lane, then skidded across the center line into the northbound lane striking the Olaki's car which had partially crossed back over into the northbound lane.

At the close of all the evidence, defendant's motion for a directed verdict was denied.

By her sole assignment of error, defendant contends that the trial court erred in denying her motion for a directed verdict. We disagree.

A motion for a directed verdict by a defendant tests the legal sufficiency of the evidence to go to the jury. *Hall v. Mabe*, 77 N.C. App. 758, 336 S.E. 2d 427 (1985). In considering a motion for directed verdict, plaintiff's evidence must be taken as true, along with all reasonable inferences therefrom, resolving all conflicts and inconsistencies in plaintiff's favor, and disregarding defendant's evidence unless favorable to plaintiff or tending to clarify plaintiff's case. *Forsyth County v. Shelton*, 74 N.C. App. 674, 329 S.E. 2d 730, *cert. denied and appeal dismissed*, 314 N.C. 328, 333 S.E. 2d 484 (1985). Accordingly, the court should grant a motion for directed verdict only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Cates v. Wilson*, 83 N.C. App. 448, 350 S.E. 2d 898 (1986), *modified*, 321 N.C. 1, 361 S.E. 2d 734 (1987). If, however, there is more than a scintilla of evidence supporting each element of plaintiff's case, the motion for directed verdict should be denied. *Broyhill v. Coppage*, 79 N.C. App. 221, 339 S.E. 2d 32 (1986).

Defendant was charged, tried and convicted under G.S. sec. 20-141.4(a2) which provides:

> Misdemeanor Death by Vehicle. — A person commits the offense of misdemeanor death by vehicle if he unintentionally causes the death of another person while engaged in the violation of any State law or local ordinance applying to the operation or use of a vehicle or to the regulation of traffic, other than impaired driving under G.S. sec. 20-138.1, and commission of that violation is the proximate cause of the death.

The elements of the offense of misdemeanor death by vehicle are (1) an unintentionally caused, (2) death of another person, (3) while a defendant engaged in the violation of any state law or local ordinance other than impaired driving, and (4) death proximately resulting from this violation. *Id.*

The specific traffic violation defendant was alleged to have violated when the collision occurred is driving her vehicle to the left of the center of the highway. G.S. sec. 20-146(a).

Defendant argues that there was insufficient evidence to carry the case to the jury because (1) the evidence did not show a violation of state law or local ordinance and (2) the evidence failed to show that her negligence was the proximate cause of the collision and her negligence could not, therefore, be the proximate cause of Mr. Olaki's death.

All of the evidence tended to show that the collision occurred in the northbound lane when defendant was driving to the left of the center of the highway. This evidence, therefore, made out a prima facie case of actionable negligence. *See Anderson v. Webb*, 267 N.C. 745, 148 S.E. 2d 846 (1966); *Sessoms v. Roberson*, 47 N.C. App. 573, 268 S.E. 2d 24 (1980). Evidence favorable to the defendant tending to show that she was in the northbound lane from a cause other than her own negligence (loss of control of her tractor trailer and skidding into the northbound lane after defendant applied the brakes to avoid a collision with the Olaki's vehicle which was at that time traveling north in the southbound lane) tended to rebut the presumption of actionable negligence arising from plaintiff's prima facie case. Thus, a genuine issue of fact was presented for the jury to decide. The trial court properly denied defendant's motion for a directed verdict. *See Insurance Co. v. Chantos*, 298 N.C. 246, 258 S.E. 2d 334 (1979).

For the reasons stated above, we find

No error.

Judges BECTON and ORR concur.