RANDY JIRTLE AND WIFE, NANCY JIRTLE, BUDDY BATTEN AND WIFE, THELMA BATTEN, EDWARD GOODWIN AND WIFE, DORIS GOODWIN, PETITIONERS-APPELLANTS V. BOARD OF ADJUSTMENT FOR THE TOWN OF BISCOE, RESPONDENT-APPELLEE

No. COA05-155

(Filed 20 December 2005)

1. Zoning— church's new building—nonconforming parking not expanded

A church's construction of a food pantry on an adjoining vacant lot did not impermissibly expand the church's parking nonconformance because, under the ordinance, there would be no change in the "largest assembly room" in the church and thus no change in the parking requirement.

2. Zoning— new food pantry at church—accessory building or use—not an expansion of nonconforming use

A new food pantry qualified as an accessory building or use for a church under the Biscoe zoning ordinance because the focus is on the size of the buildings rather than the lots, the food pantry would be smaller than the current church buildings, and the provision of food to the hungry is incidental and subordinate to the church's main purpose of worship, although it serves the main purpose and principal use of the church.

3. **Churches and Religion— new food pantry—accessory building—not expansion of nonconforming use—issue of religious burden not reached**

The issue of whether the denial of a construction permit for a food pantry would impose a substantial burden on the religious exercise of the church was not reached where the food pantry qualified as an accessory building or use of the church and was not an impermissible expansion of a nonconformance.

4. **Zoning— appeal to trial court—additional conclusions**

The trial court did not make improper additional findings and conclusions in reviewing a board of adjustment decision.

Appeal by petitioners from order entered 30 August 2004 by Judge Melzer A. Morgan, Jr. in Superior Court, Montgomery County. Heard in the Court of Appeals 18 October 2005.

*Van Camp, Meacham & Newman, PLLC, by Michael J. Newman, for petitioners-appellants.*

*Gill & Tobias, LLP, by Douglas R. Gill; and Garner & Williamson, P.A., by Max Garner, for respondent-appellee.*

McGEE, Judge.

Page Memorial United Methodist Church (the church) is located at 203 Church Street (the main lot) in Biscoe, North Carolina. The church has been in its current location since approximately 1900. In 1983, the church acquired title to an adjoining tract of land (the adjoining lot).

The church has two buildings situated upon the main lot. The adjoining lot is vacant. Since approximately 1990, the church has operated a food distribution program from the basement of its education building located on the main lot. On Saturdays, church volunteers distributed food from the education building to approximately 200-230 people.

In 1993, the Town of Biscoe (the town) enacted a zoning ordinance (the ordinance). The area around the church, including the main lot and the adjoining lot, was zoned as a R-12 residential district. The ordinance provided that churches were among the "[p]ermitted [u]ses" allowed in the R-12 residential district. The ordinance also defined certain structures and uses as nonconforming, but the ordi-

nance allowed for the continuance of such nonconformances, provided that the structures and uses were not expanded.

In 2003, the church decided to move its food distribution program from its education building to a new structure to be built upon the adjoining lot. The church applied for a permit to construct a food pantry on the adjoining lot on 21 October 2003. The town's zoning administrator granted a zoning permit to the church for the construction of a food pantry on 12 November 2003. Randy Jirtle and wife, Nancy Jirtle; Buddy Batten and wife, Thelma Batten; and Edward Goodwin and wife, Doris Goodwin (petitioners) appealed the decision to the town's Board of Adjustment (the board). Subsequently, the church withdrew its application for a permit.

The church again applied for a permit to construct a food pantry on the adjoining lot on 9 June 2004, which the zoning administrator granted. Petitioners again appealed the decision to the board. The board upheld the decision of the zoning administrator on 9 August 2004.

Petitioners filed a petition for writ of certiorari with the trial court on 9 August 2004. The trial court affirmed the board's decision upholding the grant of the permit to the church in an order entered 30 August 2004. Petitioners appeal.

I.

[1] Petitioners first argue that construction of a food pantry would constitute an impermissible expansion of a nonconformance in violation of the applicable zoning ordinance. A decision of a board of adjustment may be reviewed by a trial court upon the issuance of a writ of certiorari, in which case the trial court sits as an appellate court. *Tate Terrace Realty Investors, Inc. v. Currituck County*, 127 N.C. App. 212, 217, 488 S.E.2d 845, 848, *disc. review denied*, 347 N.C. 409, 496 S.E.2d 394 (1997). On appeal of a trial court judgment considering a decision of a board of adjustment, our Court reviews the trial court's order for errors of law. *Id.* at 219, 488 S.E.2d at 849.

A question involving the interpretation of a zoning ordinance is a question of law, to which we apply a *de novo* standard of review. *Ayers v. Bd. of Adjust. for Town of Robersonville*, 113 N.C. App. 528, 530-31, 439 S.E.2d 199, 201, *disc. review denied*, 336 N.C. 71, 445 S.E.2d 28 (1994). Zoning restrictions should be interpreted according to the language used in the ordinance. *Kirkpatrick v. Village*

*Council*, 138 N.C. App. 79, 85, 530 S.E.2d 338, 342 (2000). Nonconforming uses and structures are not favored under the public policy of North Carolina, and "[z]oning ordinances are construed against indefinite continuation of a non-conforming use." *Forsyth Co. v. Shelton*, 74 N.C. App. 674, 676, 329 S.E.2d 730, 733, *disc. review denied*, 314 N.C. 328, 333 S.E.2d 484 (1985).

Under section 11 of the Biscoe zoning ordinance,

> Upon the effective date of this ordinance, and any amendment thereto, pre-existing structures or lots of record and existing and lawful uses of any building or land which do not meet the minimum requirements of this ordinance for the district in which they are located or which would be prohibited as new development in the district in which they are located shall be considered as nonconforming. It is the intent of this ordinance to permit these nonconforming uses to continue until they are removed, discontinued, or destroyed, but not to encourage such continued use, and to prohibit the expansion of any nonconformance.

Town of Biscoe, N.C., Zoning Ordinance § 11 (1993). More specifically, section 11.3 of the ordinance states: "The nonconforming use of land shall not be enlarged or increased, nor shall any nonconforming use be extended to occupy a greater area of land than that occupied by such use at the time of the passage of this ordinance. . . ." Town of Biscoe, N.C., Zoning Ordinance § 11.3 (1993).

It is not disputed that the church is nonconforming in two respects: (1) inadequate parking and (2) violation of set-back requirements. Since petitioners do not argue that construction of a food pantry would expand the set-back nonconformance, we only determine whether construction of a food pantry would expand the parking nonconformance.

Pursuant to the minimum parking requirements of section 13.6 of the ordinance, places of assembly, including churches, are required to have "[o]ne (1) parking space for each four (4) seats in the largest assembly room." Town of Biscoe, N.C., Zoning Ordinance § 13.6 (1993). The church sanctuary is the "largest assembly room" in the church, seating between 120 and 189 people, which would require between 30 and 47-1/4 parking spaces under section 13.6 of the ordinance. However, the church does not have the requisite number of parking spaces and relies on street parking. Therefore, the church is nonconforming under section 13.6 of the ordinance.

Petitioners argue that construction of a food pantry would impermissibly expand the parking nonconformance. They apparently contend that construction of the food pantry would increase the number of people receiving food at the church and would therefore increase parking demand, which the church could not meet. Petitioners argue that under the plain language of the zoning ordinance, such an increase in unmet parking demand would constitute an impermissible expansion of a nonconformance.

Petitioners concede, however, that construction of the food pantry would not alter the "largest assembly room" in the church for purposes of section 13.6 of the ordinance. The plain language of the ordinance makes clear that parking requirements for churches are determined solely by the number of seats in the "largest assembly room." Accordingly, because the church sanctuary would remain the "largest assembly room" in the church after construction of a food pantry, the parking requirements for the church would remain the same. There would not be a greater nonconformity with the minimum parking requirements after construction of a food pantry; therefore, construction of a food pantry would not impermissibly expand the parking nonconformance.

## II.

[2] Petitioners also argue the trial court erred in concluding that a food pantry would constitute an accessory use of the church. In order to qualify as an accessory building or use under section 2.3 of the ordinance, a building or use must be:

A. Conducted or located on the same zoning lot as the principal building or use served, except as may be specifically provided elsewhere in this Ordinance.

B. Clearly incidental to, subordinate in area and purpose to, and serves the principal use; and

C. Either in the same ownership as the principal use or is clearly operated and maintained solely for the comfort, convenience, necessity, or benefit of the occupants, employees, customers, or visitors of or to the principal use.

Town of Biscoe, N.C., Zoning Ordinance § 2.3 (1993).

Petitioners do not challenge the third requirement for classification as an accessory building or use. Therefore, we examine only the first two requirements. With respect to the first requirement, peti-

tioners argue that because a food pantry would be constructed upon the adjoining lot, it would be located upon a different zoning lot from the church, which is located upon the main lot. However, pursuant to section 2.51 of the ordinance, "the word 'lot' shall be taken to mean any number of contiguous lots or portions thereof, upon which one or more main structures for a single use are erected or are to be erected." Town of Biscoe, N.C., Zoning Ordinance § 2.51 (1993). Under this definition, the main lot and the adjoining lot constitute one zoning lot, in that they are contiguous lots upon which one or more main church structures for a single church use are erected or are to be erected.

Petitioners also argue a food pantry would not satisfy the second requirement for classification as an accessory building or use. Petitioners argue that because the adjoining lot is larger than the main lot, a food pantry is not "subordinate in area" to the church. However, petitioners mistakenly focus upon the relative size of the lots, rather than the size of the buildings, as required by the plain language of the ordinance. A food pantry scheduled to have a gross floor area of 1,000 square feet would clearly be smaller than the current church buildings, which currently occupy approximately 9,390 square feet. Also, the provision of food to the hungry is incidental and subordinate to the church's main purpose of worship, although it serves the main purpose and principal use of the church. Accordingly, a food pantry would qualify as an accessory building or use, and we overrule these assignments of error.

### III.

[3] Petitioners next argue the trial court erred by concluding that "a denial of the construction permit for a food pantry would impose a substantial burden on the religious exercise of the [c]hurch" in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). However, because we hold that a food pantry qualifies as an accessory building or use of the church and does not constitute an impermissible expansion of a nonconformance, we need not review this argument.

### IV.

[4] Finally, petitioners argue the "trial court erred by making additional findings of fact and conclusions of law not made by the [b]oard, because such a practice is not permissible under North Carolina law." When a trial court issues a writ of certiorari to review the decision of a board of adjustment, "the [trial] court sits as an

appellate court, and not as a trier of facts." *Tate Terrace Realty Investors, Inc.*, 127 N.C. App. at 217, 488 S.E.2d at 848. "The [trial] court . . . may not make additional findings." *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11, 387 S.E.2d 655, 662, *cert. denied*, 496 U.S. 931, 110 L. Ed. 2d 651 (1990).

Petitioners specifically assign error to only one of the trial court's findings of fact: "[T]he proposed food pantry building is clearly incidental to, subordinate in area and subordinate in purpose to the church." Petitioners argue the trial court erred by making this finding, which was not previously made by the board. However, because this determination required the application of legal principles to a set of facts, it is more properly labeled a conclusion of law, and we treat it as such. *Carpenter v. Brooks*, 139 N.C. App. 745, 752, 534 S.E.2d 641, 646, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 91 (2000). Petitioners also assign error to four other conclusions of law made by the trial court. As we have already noted, a trial court's role on appeal of a decision of a board of adjustment is to review the record for errors of law. *Tate Terrace Realty Investors, Inc.*, 127 N.C. App. at 218, 488 S.E.2d at 848. The trial court merely fulfilled that duty by making conclusions of law based on the facts as found by the board. Additionally, petitioners do not argue that the trial court's conclusions were not supported by the findings of fact. Accordingly, we overrule these assignments of error.

Affirmed.

Judges WYNN and GEER concur.